## George & George v. Stockton, use, &c.

1. Where the vendor of land, executes a bond, *conditioned* to make title to the vendee generally, and the vendee in consideration thereof, makes his promissory note payable to the vendor on a day certain, the failure to complete the title, is not an available bar to an action at law upon the note.

2. Where the vendor of land has put the vendee in possession, executed a bond for title, and taken a promissory note or other security, for the purchase money, he is entitled to recover at law, upon the note, &c., so long as the contract remains unrescinded.

IN the record of this case, which is brought up, there is nei-ther writ, declaration, or any thing to inform us what was the form of action. We however learn, that it was founded on a promissory note for the payment of four hundred dollars, on a day certain. The consideration of the note was a purchase of forty acres of land, agreed to be made, by the plaintiffs in error, of the defendant; and to make title to which, the defendant bound himself by bond, in the penal sum of eight hundred dol-lars; conditioned as follows: "The condition of the above obli-gation is such, that whereas the above bound John C. Stockton has this day bargained and sold to the above named James C. George, the North East quarter of Section thirty-two, Township twenty, Range fifteen West, in the district of land sold at Tusca-

loosa, Alabama, containing forty acres, be the same more or less, for the sum of four hundred dollars, payable on the 25th day of December next: now if the above bound John C. Stockton shall make, or cause to be made, to the said James C. George, a good and equitable title to the above described land, *then* he, the said James C. George, shall pay the said sum of four hundred dollars, then the above obligation to be void, otherwise to remain in full force and virtue."

The plaintiffs in error, proved on the trial in the Circuit Court, that the note sued on, was given in consideration of the purchase of the land described in the bond; and that James C. George, the purchaser, entered upon, and still retained the undisturbed possession of the land.

The court charged the jury that if they believed the word *then* (which is *italicized* in the condition, as set out above,) was altered from the word *when*, that the bond was to be considered as an ordinary bond for title; and in that case, if the purchaser still retained the undisputed possession of the land, he could not resist the payment of the purchase money. "The court further charged, that if the bond was understood as contended for by the defendants (plaintiffs in error), and that plaintiff (defendant in error), was bound to tender titles before he could demand payment of the note, it only operated as a postponement of the day of payment, and was not an entire bar to a recovery." To all of which the plaintiffs in error excepted, and a verdict and judgment being rendered in favor of the defendant in error, the plaintiffs have prosecuted a writ of error to this court.

The only error assigned is, that the Circuit Court erred in the instructions to the jury, as shewn by the bill of exceptions.

PORTER, for the plaintiff.
COCHRAN, for the defendant.

COLLIER, C. J.—It has been repeatedly adjudged that the vendee of real estate, who has executed his note for the payment

18

of the purchase money on a day certain, and received from the seller a bond conditioned to make title generally, cannot successfully resist an action at law on the note, upon the ground that no title has been made: (Read's Adm'r. v. Cummings, *et al.* 2 Greenl. Rep. 82: Bailey v. Clay, &c. 4 Rand. Rep. 346.) This principle rests upon a rule which has been often applied to covenants, viz: When the money is to be paid at an appointed time, and the day of payment is to happen, or may happen before the thing which is the consideration of the payment of the money, is to be performed, the performance of the thing is not a condition precedent to the right to demand the money: (Thorp v. Thorp; 1 Salk 171: Jones v. Sommerville; 1 Porter Rep. 457.)

In Dow v. Tuttle, (4 Mass. Rep. 414) it was held that if the promisee of a note payable at a day certain, agreed by writing at the time the note was given, not to demand payment of it until a certain time after its maturity, such contract is a collateral promise for the breach of which, an action would lie, if there were a legal consideration. In chancery it would be a good ground for an injunction; but it would not be a bar to an action on the note, when due by the terms of it, because it is repugnant to the note, and would destroy its effect. In the case at bar, no precise day is prescribed by the bond when the vendor is to perfect the vendee's title, yet a day is fixed for the payment of the note; and an agreement that the payment should be postponed 'till the title was made, would be repugnant to the terms of the note; and upon the authority of the case last cited, does not constitute a bar to the action in a court of law.

This court, under its former organization, in Christian v. Scott, (1 Stewt. Rep. 490) decided, that to let in a defence at law, against a promissory note given for the purchase money, there must be an entire failure of consideration, or a rescission of the contract of purchase. In that case, the vendee had occupied and cultivated the land from the time of sale up to the trial, which must have been of some benefit to him, and consequently a valuable consideration in law. (To S. P. Peden v. Moore, 1. Stewt. & Porter Rep. 71: Wilson v. Jordan; 3 Stewt. & Por-

George & George v. Stockton, use, &c.

ter Rep. 92: Howard v. Witham, *et al.* 2 Greenl. Rep. 390.)

In Wade v. Killough, (3 Stewt. & Por. Rep. 431) it appeared that the defendant executed a bond, conditioned to make title to the plaintiff to a tract of land, on the 25th December, 1828; and the plaintiff gave to the defendant his promissory note for the payment of the purchase money on the same day. An action having been brought upon the note, the plaintiff in error contended in his defence, that inasmuch as by the terms of the contract, the purchase money was to have been paid, and a good and sufficient title made on the same day; and the title had not been made, but the vendor was incapable of making the same, the action could not be maintained. *The court was of opinion* that the argument was not defensible; that the principles of law by which it was attempted to sustain it, did not apply to the case. There the vendor had executed his bond with covenants, and the vendee his note for the purchase money: on these, the parties were entitled to their legal remedies against each other respectively. Here is a case decisive of the merits of the defence set up in the case before us, and shows a clear right in the defendant to his judgment.

The view we have taken of the law, relieves us from examining with particularity, the instructions of the judge of the Circuit Court to the jury; or from scanning with critical accuracy, the stipulations contained in the condition of the bond. It is entirely immaterial whether "then" be taken to mean "when," as insisted by the defendant in error, so as to make the payment of the purchase money a condition precedent to the right to demand the execution of the proper title. We place our opinion upon the previous adjudications of this court, which hold, that where the vendor has put the vendee in the possession of land, executed a bond for title, and taken a promissory note, or other security, for the purchase money, he is entitled to recover at law, upon the note, if the contract of sale remains unrescinded.

It remains but to add that the judgment is affirmed.