## COLE, USE, &c. v. JUSTICE.

1. The payee of a note brought an action thereon for the use of a third person, who had become its proprietor, against one of the promisors, a surety; the consideration of the note was the sale of a tract of land by the payee to the principal maker; at the time of the sale there was an unsatisfied judgment against the vendor, operating a lien upon the land, this judgment the beneficial plaintiff authorized the principal to discharge, and promised to allow it as credit against the note; and it was accordingly discharged: *Held*, that the promise to the principal enured to the surety; that it was a direct and original undertaking to allow the payment, not obnoxious to the statute of frauds, and *eo instanti* it was made, extinguished the note *pro tanto*.

2. Although the vendee of land, with whom the vendor has covenanted that the estate is free from incumbrance, has a right to extinguish outstanding incumbrances to perfect his title, yet the amount thus paid will not be allowed as a *set off* in an action for the purchase money, nor will it avail the vendee *at law*, under the plea of failure of consideration.

Writ of Error to the Circuit Court of Barbour.

THIS was an action of assumpsit at the suit of the plaintiff in error against the defendant. The cause was tried upon issues to the pleas of *non-assumpsit*, set off, and the failure of consideration, a verdict returned for the defendant, and judgment rendered accordingly.

On the trial, the plaintiff excepted to the ruling of the Court. From the bill of exceptions, it appears that the consideration of the note declared on, was the sale of a tract of land by the nominal plaintiff, to James B. Smith; and that the defendant was the

100

surety of the latter.   Process not being served on Smith, the suit
was discontinued as to him.

The defendant released Smith from all liability to pay the costs
of this action, and he was permitted to give evidence, notwith-
standing the plaintiff objected.

Although the plaintiff made the sale of the land to Smith, yet
by agreement, one Douglass, in whom the legal title was vested,
made the conveyance to the purchaser.   At the time of the sale,
there was an unsatisfied judgment against Douglass, which ope-
rated a lien upon the land ; on which an execution being issued
and levied, the defendant, to prevent a sale of the land paid off the
same.

It was shown that Bullock, the beneficial plaintiff, had author-
ized Smith to satisfy the judgment, and promised to allow such
payment as a credit on the note in question ; and that after this
authority was given, $83 50 was paid.

The plaintiff prayed the Court to charge the jury, that the au-
thority to Smith, and payment, was no defence for the defendant,
but could only be set up by the vendee.   This charge was re-
fused, and the Court instructed the jury that these facts might be
set up by the defendant to the extent to which they would avail
his principal.   *Further*, that if the beneficial plaintiff agreed to
allow the defendant a credit upon the note declared on, if he
would satisfy the judgment against Douglass, then a payment by
the defendant under such agreement is a good defence to the
action as far as it goes.

The Court also charged the jury, that if there was a legal in-
cumbrance upon the land at the time of Smith's purchase, under
which it could have been sold, then, either Smith or the defend-
ant would be authorized to pay off such incumbrance, and set up
the payment as a defence to this action.

P. T. Sayre, for the plaintiff in error, made the following
points:   1. The charges which assume that a payment by either
the defendant or his principal under the authority of the benefi-
cial plaintiff, would constitute a good defence, cannot be sup-
ported : conceding that there was such an agreement, it was ob-
noxious to the statute of frauds, because it was an undertaking
to answer for the default of a third person.   2. If there was a
covenant, or other stipulation, binding the vendor of the land to

remove the incumbrance which the judgment against Douglass created, the breach of such covenant or stipulation would be regarded as unliquidated damages, and could not be set off under the statute. The discharge of that incumbrance by the purchaser or his surety, (if allowable,) would not vary the character of the defence. [Dunn, use, &c. v. White & McCurdy, 1 Ala. Rep. N. S. 645.]

J. BUFORD, for the defendant, insisted, that the payment of the outstanding judgment against Douglass was authorized by the contract for the sale of the land, as well as Bullock's directions to Smith; and whether considered in reference to one or the other, the defendant may avail himself of the payment as a payment, or set off. The agreement of Bullock to allow it, if the inbumbrance was extinguished, requires no other consideration to entitle the defendant to set up the payment in his defence.

COLLIER, C. J.—The promise by Bullock to Smith to allow as a payment on the note in question, the amount of the judgment against Douglass if he would discharge it, though it may have been made to him alone, enured to the defendant, his surety. If a principal obtain a claim against his creditor, which he may use as a set off, in a several action against a surety, the latter may with the assent of his principal, avail himself of the set off, as a defence to the action. This point was so ruled in Winston v. Metcalf, 6 Ala. Rep. 756. Here the right of the surety to set up as a defence, a matter to which the principal contributed, is even less questionable. The beneficial plaintiff agreed to allow the money advanced by Smith as a payment; and *eo instanti* upon the advance being made, the note was thus far extinguished, and was not enforceable, against either the principal or his surety.

Such a promise by Bullock, is not obnoxious to the statute of frauds, as supposed in argument. It is not an undertaking to answer for the debt or default of another; but it is a direct and original promise to pay Smith if he would satisfy the judgment against Douglass. The engagement became absolute by the performance of the condition, viz: the payment of the money.

In Dunn, use, &c. v. White & McCurdy, 1 Ala. Rep. N. S.

645, we held that the vendee of land has the right to extinguish outstanding incumbrances, and charge the vendor with the amount thus paid to perfect his title, if the vendor has entered into a covenant with him, that the estate is free from incumbrance. Yet, although such was the law, the amount paid to extinguish an incumbrance, could not be allowed as a set off in an action for the purchase money, nor would it avail the defendant *at law*, under the plea of failure of consideration. The case here cited, is decisive to show, that the last charge given cannot be supported.

The judgment is consequently reversed, and the cause remanded.