## STEWART GEORGE *vs.* SAUNDERS ET ALS.

1. In an admiralty proceeding by libel against a steamboat, after the vessel has been sold under an order of court, and the proceeds of the sale brought into court for distribution, the refusal of the court to order the proceeds to be paid to the claimant of the boat is not such a final judgment as will authorize an appeal or writ of error.

ERROR to the City Court of Mobile. Tried before the Hon. Alexander McKinstry.

THIS case and the preceding one (Stewart George v. Skeates & Co.,) are parts of the same suit, and the record of the former case forms a part of the record in this. The record here further shows, that after the steamboat had been sold under the order of the court, and the proceeds of the sale brought into court for distribution, Stewart George, by his attorney, moved the court that the proceeds of the sale should be paid over to him, "on the ground that he was the owner of said boat, and that the decree ordering the sale of said boat was *coram non*

*judice*, and that the several intervenors and petitioners, not being rightfully in court, as libellants or petitioners, the several decrees rendered in favor of said petitioners and intervenors were nullities, and should be disregarded and set aside by the court." The court refused the application, and Stewart George craved an appeal from its decision.

GIBBONS, for plaintiff in error.

HAMILTON & JEWETT, *contra.*

CHILTON, J.—The case of Stewart George v. Skeates & Co. is decisive of this case on the merits, against the appellant; but we are satisfied that the refusal of the court to order the proceeds of the boat to be paid to the appellant, is not such a final judgment as authorizes an appeal, or writ of error. If a writ of error lies from this refusal, the party has two writs of error in the same cause, one from the refusal of the court to give him the money, another from the judgment of appropriation; in other words, one writ for the refusal of the court to act, another for acting as shown by the final judgment.

The writ of error must be dismissed.