## CAGE & SALTER vs. PHILLIPS.

[ACTION OF COVENANT BY LESSOR FOR RENT RESERVED.]

1. *Set-off of damages for misrepresentation.*—Under section 2240 of the Code, damages on account of the lessor's misrepresentations as to the capacity and condition of a mill on the leased premises, are available as a set-off in an action of covenant to recover the rent reserved.

2. *Plea of set-off.*—A plea by the lessee, in an action to recover the rent reserved by the lease, averring that the lessor, pending the negotiations between the parties, misrepresented in a specified particular the capacity of a mill on the leased premises; that the lessee believed the representations to be true, and was thereby induced to consummate the contract; and that, by reason of such misrepresentations, he has sustained great damage, "wherefore he says that said contract is utterly void by reason of said deceit and misrepresentations,"—is a good plea of set-off.

3. *Limitation of action on covenants in lease.*—Under the law which was of force before the adoption of the Code, (Clay's Digest, 327, § 81,) sixteen years was the limitation of an action to recover the rent reserved by a lease under seal; and where the cause of action accrued before the Code went into operation, that statute applies, by virtue of the act approved February 15, 1854.—Session Acts 1853-4, p. 71.

APPEAL from the City Court of Mobile.

Tried before the Hon. HENRY CHAMBERLAIN.

THIS action was brought by Elam Phillips, for the use of Ulysses B. Phillips, (in whose name the suit was afterwards prosecuted without objection,) against Loftin Cage and Richard Salter, to recover the rent reserved by a lease under seal; and was commenced on the 13th May, 1859. The leased premises contained a saw and grist-mill ; and by the terms of the contract, as stated in the complaint, the lease was to commence on the 8th March, 1844, and to continue two years. The defendants pleaded, "in short by consent, 1st, accord and satisfaction ; 2d, payment; 3d, the general issue ; 4th, the statute of limitations;" and two other special pleas, which were in the following words :

"5. For a further plea in this behalf, defendants say, that on the said 7th day of March, 1844, and on divers days and times preceding that day, the said Elam Phillips and these defendants were in treaty together for the renting of said mill from said Elam; and defendants aver, that said Elam, as inducement on the part of these defendants to the renting of the same, did say and assert to them as a truth, that the water-power by which said mill was supplied was of nine feet 'live water,' meaning thereby that the fall of said stream of water, at the point at which the water struck the wheel of said mill, was nine feet clear of still water and back water; and defendants say, that they did not know, nor did they inform themselves before the execution of said lease, whether said declaration of said Elam was true or not, but that they believed it to be true, and so believing, and induced thereby, they made and executed with said Elam the contract declared on ; and defendants aver, that the said fall of water at said place of contact with said wheel as aforesaid, in fact and in truth, was then but seven feet, and so remained, and was not nine feet, as they were induced to believe by said Elam before making said contract. And defendants further say, that without the said inducement, so held out to them by said Elam, and so confided in and trusted by them, these defendants would not have made said contract with said Elam; and they aver, that, by reason of said water-power being,

as herein averred, less than it was represented to be by said Elam, they have suffered great damage, that is to say, in the sum of $2,000; wherefore these defendants say, that said contract declared on is utterly void, by reason of said deceit and misrepresentation; and they pray judgment, &c."

"6. And for a further plea, these defendants say, that the said Elam Phillips, before said lease was made, as an inducement to the renting of said mill, did represent to these defendants that the fall of water at said mill was nine feet of 'live water;' that these defendants believed said statement of said Elam, that there was nine feet of 'live water' at said mill, and were not otherwise informed before and at the time said contract was made, and did therefore, confiding in said Elam, make with him said contract; and these defendants aver, that it was discovered after the execution of said contract, that, instead of nine feet of 'live water' at said mill, there was but seven feet of 'live water' in said stream; wherefore these defendants say, that they have been damaged in the sum of $1,000; and they pray that their said damages may be set off against said demand for rent, and the difference certified in their favor by the jury, for which they pray judgment."

The plaintiff demurred to the fourth, fifth, and sixth pleas. The ground of demurrer assigned to the fourth plea was, "because the limitation of six years is no bar to the action." No causes of demurrer were assigned to the fifth and sixth pleas; but it was consented of record, that he "might take advantage of all causes of demurrer, which, if specially assigned, would be good and valid." The court sustained the demurrer, and its ruling is now assigned as error.

GEO. N. STEWART, for appellants.

B. LABUZAN, and H. F. DRUMMOND, contra.

A. J. WALKER, C. J.—The fifth special plea is free from objection, and the court erred in sustaining the plain-

Cage & Salter v. Phillips.

tiff's demurrer to it. The defendants, under our statute, have a right to set off damages which the law is capable of measuring accurately by a pecuniary standard, and which are the result of the fraud alleged in the fifth plea. *Gibson v. Marquis*, 29 Ala. 668 ; *Bell v. Thompson*, 34 Ala. 633. The averment of damage is sufficiently specific, under the rule of pleading deduced from the Code in the case of *Roberts v. Fleming*, 31 Ala. 683.

It is unnecessary to say anything of the sixth plea. If that plea be good, every defense which could be made under it, could also be made under the fifth. It is, therefore, unimportant, and may be withdrawn.

[3.] Sixteen years was the period of limitation prescribed by the law, as it existed before the adoption of the Code, to the cause of action alleged in the complaint.—Clay's Digest, 327, § 81. The cause of action having accrued before the adoption of the Code, the law as it stood before the Code was adopted must control the question of prescription in this case.—Acts of '53–54, page 71. The period of sixteen years had not expired when this suit was commenced; and therefore the demurrer to the plea of the statute of limitations was properly sustained.

For the error in sustaining the demurrer to the fifth plea, the judgment of the court below is reversed, and the cause remanded.