# WEAVER *vs.* SHROPSHIRE.

[ACTION ON PROMISSORY NOTE BY ENDORSEE AGAINST MAKER.]

1. *Promissory notes ; interest on.*—There being no evidence that the en-dorsee of a note (plaintiff) was not a citizen of Alabama, during the late civil war, and no evidence at what time the note was endorsed to him, (the note being made on the 14th May, 1861, payable to a citizen of Kentucky,) the defendant, who was the maker of the note and a citizen of Alabama, could not defeat a recovery of the interest on the note, during the existence of the war.

2. *The war between the United States and Alabama, not a public war, on the 14th May,* 1861.—At the date of said note, there was no such public war between the State of Kentucky and the State of Alabama, or between the latter and the United States, as would affect a contract made between a citizen of Kentucky and this State.

3. *Charge that invades province of jury, erroneous.*—In an action on prom-issory note, given for the purchase-money of mules, warranted to be sound by the payee, by an endorsee against the maker, in which there was some slight evidence tending to show a breach of the warranty, a charge to the jury, "that if they believed the evidence, they must find for the plaintiff, and assess his damages to the face of the note, and in-terest from the day it was due," is erroneous, as it invades the province of the jury.

4. *When defendant may recoup damages in action on promissory note.*—In an action on such a note, under the above facts, the purchaser may re-coup the damages he may have sustained by a breach of the warranty, which the law is capable of measuring by a pecuniary standard.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. B. F. SAFFOLD.

THIS action was brought by the appellee as the endorsee of a promissory note against the appellant, the maker of the note, and was commenced on the 24th February, 1866. The note was executed on the 14th May, 1861, payable on the 15th December, 1861, to B. N. Shropshire, for $1,030. As the bill of exceptions states, "this case was tried on the general issue, with leave to give in evidence any matter which could be pleaded or replied. The plaintiff intro-duced in evidence, the note sued on, and rested. The de-

Weaver v. Shropshire.

fendant then introduced witnesses, who testified that B. N. Shropshire, the payee of said note, resided in Bourbon county, Kentucky, long before, and up to, and during the late war; that Bourbon county is in the northern part of Kentucky, about twenty miles north of Lexington ; that the defendant had resided continuously for the last twenty years, in Dallas county, in the State of Alabama. They also testified that N. B. Shropshire was a horse and mule trader, and that he frequently brought from Kentucky mules and horses, to Dallas county, and sold them here. The defendant then offered in evidence, and read to the jury a written statement, which the plaintiff had agreed to, for the purpose of procuring a trial of what James Donaldson and Whetson Weaver would, if present, testify to." This written statement tended to show, the note sued on was given for mules ; that two of the mules were unsound and defective, at or soon after the sale, and that the payee, who sold the mules, warranted them to be sound, and suitable for service. "The court charged the jury, at the request of the plaintiff, that if they believed the evidence, they must find for the plaintiff, and assess his damages at $1030, and interest from the 15th day of December, 1861 ;" to which charge the defendant excepted, and appealed to this court and assigned the charge as error.

THOMAS B. WETMORE and PETTUS & DAWSON, for appellant.

BYRD, J.—1. It does not appear by the complaint or the evidence, at what time the note was endorsed to appellee, nor whether he was a resident of this State or another, during the late war. If the appellee was a citizen of Alabama during that time, and the note was endorsed to him on the day it was made, then there would be no ground whatever upon which to rest a defense against the interest during the existence of the war. And there being no evidence on this point, the jury were not authorized to infer or presume that appellee was not a resident of this State, or that the note was endorsed by the payee, who was a citizen of Kentucky, after the commencement of

the war, and before its termination. We cannot, therefore, admit the soundness of the argument of counsel for appellant on this question, as applicable in this case.

2. At the date of the note, there was no such public war between the State of Kentucky and the State of Alabama, or between the latter and the United States, as would affect a contract made between citizens of *that* and *this* State. *Whitworth's Distributees v. Oliver et al.*, 39 Ala. 286.

4. The only other ground, insisted on by appellant, to work a reversal of this cause, is, that "there was evidence, though weak, tending to show that the note was given for mules, warranted sound, which were unsound."

The court charged the jury, "that if they believed the evidence, they must find for the plaintiff, and assess his damages at one thousand and thirty dollars, and interest from the 15th day of December, 1861."

The error assigned is, that the court erred in the charge given.

There is *some* obscurity in the "written statement" admitted in evidence as the testimony of James Donaldson and Whetson Weaver.

In an action on a promissory note, by an endorsee against the maker, under the facts shown by the record in this case, which note was given for the purchase-money due on the sale of mules guaranteed to be sound by the payee, the purchaser may *recoup* the damages he may have sustained by the breach of the guaranty, which the law is capable of measuring accurately by a pecuniary standard.—*Hatchett & Bro. v. Gibson*, 13 Ala. 587; *Cage et al. v. Phillips*, 38 Ala. 382; *Wood et al. v. Fowler*, 37 ib. 55; *Sill v. Rood*, 15 John R. 230; Sedg. on Dam. 431, *et seq.* and notes.

Upon the evidence introduced by the defendant in this case, he would in an action for damages for a breach of the warranty be entitled, at least, to recover nominal damages, if the jury believed the evidence and were satisfied from it, that there was a guaranty of soundness of the mules, and that one of them was unsound at the time of sale. The question of damages is one peculiarly within the province of the jury, and also the inferences to be drawn from the evidence where it merely tends to prove

the facts necessary to make good the matter of defense. The appellant was entitled to have the damages *recouped*, if there was a breach of the guaranty; and the evidence tends to show such breach and damages. And although we might be satisfied from the evidence, if it were sufficient to show a breach of the warranty, that the appellant was only entitled to a *recoupment* for nominal damages; yet, whether he was entitled to more is a matter for the jury and not for the court.—*Holloway v. Cotten*, 33 Ala. 529.

The evidence is unsatisfactory upon the question of the damage sustained by appellant, upon the breach of the warranty and upon the identity of the note, as the consideration of the purchase of the mules; yet all these matters under the evidence in this case, were peculiarly within the province of the jury, and in arriving at a conclusion "they could consult their general knowledge and their own experience in life."—*Rosenbaum v. The State*, 33 Ala. 354.

And upon the doctrine settled by a series of decisions of this court, we are constrained to hold that the charge invaded the province of the jury.—*Morris v. Hall*, at present term.

This case is in contact with the line which divides the province of the court from the jury, and our opinion is, that it is within the province of the latter. The courts should be careful in the observance of a rule which secures to parties the right of a trial by jury, and inhibits an invasion of the province assigned to them by law.

For the error pointed out, let the judgment be reversed and the cause remanded.