# Eads v. Murphy et al.

*Action on Promissory Note by Transferee against Maker.*

1. *Demurrer ; no objection allowed unless distinctly stated.* — Under § 2656 R. C., however insufficient pleadings may be in other respects; yet if not obnoxious to the particular grounds of demurrer assigned, the demurrer should be overruled.

2. *Defences against transferee of note.* — It is a good defence to a suit by the transferee of a note given for land, that, before notice of the transfer, the money due thereon was deposited with a third person, by request of the payee, to be paid to him on his conveying the land to the purchaser.

3. *Set-off, when allowed.* — Whenever the vendee can maintain a cross-action at law, because of matters arising out of the contract of purchase, or because of the vendor's breach of the contract, and the damages recoverable are fixed by a legal standard, such damages may be insisted on by way of set-off.

4. *Injury presumed, from error.* — Whenever a demurrer is improperly sustained to one or more special pleas, the presumption of injury arises, and will compel a reversal, unless the court can clearly see from the record that the party interposing such special pleas not only could have had, but did have, under some other plea, the benefit of the defence set up by his special pleas.

APPEAL from Circuit Court of Sumter.

Tried before the Hon. JAMES Q. SMITH.

Suit by appellees, against appellant, as transferees of a note executed by him to Inge & Blocker. Appellant pleaded, in short by consent, 1st, the general issue; 2d, payment, and 3d, recoupment. For a fourth plea, he alleged that the note sued on (together with another note) was executed by him to Inge & Blocker, and given for land (describing it) ; that prior to making the note Inge & Blocker executed to him a title bond, agreeing to make titles to him to the land, on payment by him of the purchase-money ; that he offered the amount of the note to the payees, and demanded a conveyance of the land, and at their request, he deposited the money with one Ture-man to be paid to them upon their making the conveyance ; that they have failed and refuse to make the conveyance, and that the consideration for the note has failed.

The fifth plea avers that the note was given for land, and that I. & B. gave their title bond to appellant (as above set forth), and avers that before commencement of this suit, ap-pellant tendered the money due on the note to the payees, and demanded a conveyance of the title according to the contract ; that they failed and refused to convey, and that appellant has always been ready to comply with the contract by paying the money.

The sixth plea is like the fifth, with the additional allegation that Inge & Blocker are both dead, and that a title cannot now be made to defendant because of their death, and that de-fendant is damaged one thousand and sixty dollars, which he prays to be allowed to him as a set-off.

As a seventh plea defendant alleged the sale by Inge &

Blocker to him, and his execution of the two promissory notes, as set forth above, and he then avers that Inge & Blocker, at the time of the sale, falsely represented to him that the title to the land was perfect and complete in them, and that they had a right to convey, and that he, believing the land to be free from all incumbrance, did agree to purchase the same, and not otherwise, and thereupon he executed the notes; that at the same time Inge & Blocker executed a bond to make titles to the land on payment of the notes (which bond is set out literally); that one of the notes was paid in full, and a part of the one sued on was paid; that Inge & Blocker, at the time of the agreement to sell, did not have title to said land, and have not acquired title since, and that the title is in some person unknown to defendant; that before the assignment of the note to plaintiffs, defendant gave notice to Inge & Blocker that he was ready and willing to pay the note upon their complying with their contract, and making him a title, which they refused and were unable to do. It then sets forth (as in plea above) his deposit of the money with Tureman, under agreement with I. & B. to be delivered to them on their making the conveyance, and their refusal and neglect to make it, and that he is damaged in the sum of one thousand and sixty dollars, which sum he prays to be allowed him as a set-off.

The demurrer recites, "Plaintiff demurs to pleas, because," setting forth the following grounds: 1. The pleas, although reciting that the note was given for the purchase of land, do not aver an entire failure of consideration, or a rescission of the contract. 2. That without averring an entire failure of consideration or a rescission, they show that the note was to be paid at an appointed time before the title was to be made to defendant. 3. They show that the note was given for land, and without averring an abandonment of possession, and the tender of what was due, and a demand for title, and a refusal, they set up the defence that the vendor has no title. 4. They set up fraud in the sale as a defence, without averring that defendant did not rescind and retain possession of the land. 5. The plea of tender was insufficient, for failing to aver that defendant brings the money into court.

The following judgment was rendered on the demurrer: "This day came the parties by attorneys, and plaintiff's demurrer to defendant's special pleas being heard, was sustained by the court, to which defendant excepted, and leave was given to defendant to plead over." Defendant then filed three "new pleas;" the 1st sets forth the purchase of the lands and execution of the notes therefor, by the defendant, and that he received from the vendors a bond for titles; that a quarter section of the land, of the value of $1,060, was, at the time of

the sale, and is now, in the adverse possession of one Collawn, and is held by him by deed, and that no title to said quarter section has ever been made to defendant, and that he is damaged thereby in the sum of $1,060, which he prays may be allowed him as a set-off. The 2d "new plea" shows, in addition to the above, that the vendors agreed to put defendant in possession of the lands bought, and that they failed and refused to put him in possession of a quarter section thereof (describing it), to defendant's damage, in the sum of $1,060, which he asks to be allowed as a set-off. The 3d "new plea" avers the purchase of the lands and execution of the notes by defendant, as above shown, and that then and there the vendors contracted to convey the land to him by making a good and sufficient title thereto; that such title was not made to him, either at the time of the contract or since; that it was held adversely to the vendors, and that defendant never acquired, nor has now, possession of said lands, and that he is therefore damaged in the sum of $1,060, which he prays to be allowed as a set-off.

Plaintiffs demurred to these pleas: 1st. Because they are insufficient, for the reasons set forth in the first demurrer. 2d. Because said pleas do not allege that defendant used any effort to get possession of said lands, nor that he has not converted said lands to his use by sale or otherwise, nor received any consideration thereof. 3d. They do not consist of such a succinct statement of the facts relied on that a material issue can be taken thereon. 4th. They do not set up facts upon which, if established, the law is capable of measuring accurately [the damages?] by a pecuniary standard.

This demurrer was also sustained, and defendant excepted, and verdict and judgment rendered for the full amount of the note, from which defendant appeals.

COBBS & SPROTT, with whom was R. H. SMITH, for appellant. — The effect of the vendor's undertaking was that there should be quiet possession, and that they would make title in a reasonable time. 19 Ala. 34; 32 Ala. 44; 2 Ala. 425. Defendant could not sue for the quarter section held adversely. 4 Kent's Com. 447 to 450. The pleas show a breach of the vendor's contract, and a right of action therefor in the defendant; 4 Port. 528; 32 Ala. 215; and payment by him is not necessary. 19 Ala. 34. Retention of possession by vendee will not defeat the action. 4 Port. 528. Refusal or inability of vendor to convey dispenses with necessity of vendee's tendering a deed. 17 Ala. 74, 318; 37 Ala. 619. The value of the land at the time of the breach, and interest, is the measure of damages. 9 Ala. 252; 19 Ala. 744. To sustain the plea of fraud, it is

[Eads v. Murphy.]

only necessary to show that the representations were false. 34 Ala. 669. The liability of vendors to vendees on their contract is good as a set-off. Rev. Code, §§ 2642, 3233; 38 Ala. 641; 27 Ib. 203; 29 Ib. 672; 38 Ib. 382; 42 Ib. 231, 275. The demurrers were not taken to each plea severally, and though there should be one or more faulty pleas, the demurrers should have been overruled, according to well settled practice. And no other grounds of demurrer should be considered than these specially assigned. Rev. Code, § 2656, and authorities cited in foot-note. Defendant had the right to recoup, independent of the statute of set-off. 13 Ala. 584. Although the general issue was in, it is not to be presumed that appellant had the benefit of the defence under this plea. The presumption is that the court adhered to the law as laid down in its rulings on the demurrers; and the rule is, that when error appears, injury will be inferred unless the contrary appears. 1 Brickell's Dig. 780, § 100; 11 Ala. 801. Again, the defence of set-off is unknown to the common law. 18 Ala. 767; Minor, 2; Rev. Code, § 2639. Under this section of the Code, the general issue only covers defences which *deny the cause of action* set forth.

W. P. WEBB and R. CRAWFORD, *contra.* — If the court erred in sustaining the demurrers to the special pleas, it was error without injury. 36 Ala. 140–1; 34 Ala. 512, 515; 26 Ala. 341; 24 Ala. 521; 17 Ala. 699. The cause was tried on the pleas: 1. General issue; 2. Payment; 3. Recoupment, in short by consent, and defendant might have had and did have, under these pleas, all the benefit of the special matters of defence which were specially pleaded. 36 Ala. 140; 34 Ala. 512; 34 Ala. 201; *Martin* v. *Whitney & Rice*, in MS. June term, 1872. The third, fourth, fifth, sixth, and seventh special pleas were bad on demurrer, because they do not aver that defendant has been evicted, or has abandoned possession, or has rescinded or offered to rescind the contract of purchase. 35 Ala. 259; 1 Ala. 136, 287, 622; 8 Ala. 247. Said special pleas are defective as pleas of tender, because they do not offer to pay, or bring the money into court. Rev. Code, page 679 (Plea of Tender); 36 Ala. 698; 25 Ala. 176. They are also defective for failing to aver that defendant prepared and tendered a deed. 17 Ala. 318; 5 S. & P. 450; 7 S. & M. 214. The seventh special plea does not aver that the representations of the vendors were *fraudulent*, and that defendant was injured by the false representations. See 29 Ala. 395; 1 S. & P. 490. Taking it most strongly against the pleader, it does not show that defendant was actually deceived and injured by such representations. 29 Ala. 668, 672. It is true

that in *Martin* v. *Wharton* (38 Ala. 637), this court held that the Code has changed the former rule, and allows the defence of set-off for partial failure of consideration, in suits on notes given for purchase-money of land ; but in this case defendant's pleas furnish no *criteria* by which his damages can be certainly measured. After paying the first note in full, defendant cannot plead set-off to the note assigned. 13 Ala. 259 at 267–8 ; 12 Wend. 355 ; 6 Dana, 223.

BRICKELL, C. J. — 1. The statute declares, " No demurrer in pleading can be allowed but to matter of substance which the party demurring specifies ; and no objection can be taken or allowed which is not distinctly stated in the demurrer." R. C. § 2656. The construction this statute has received conforms to its language : that when a demurrer is interposed, the court cannot consider any other objection than is specifically stated. *Cotton* v. *Rutledge*, 33 Ala. 116 ; *Holley* v. *Younge*, 27 Ala. 203. However insufficient the pleading may be in other respects, if it is not obnoxious to the particular objections assigned, the demurrer must be overruled.

2. The demurrer interposed seems to us to be founded in a misconception of the character and construction of the fourth plea. The *gravamen* of this plea is not the want of title in the vendors to the lands sold, nor a breach of their obligation to convey, as they had covenanted in the bond for title. The substantial ground of defence is, that the defendant after the making of the note, the foundation of suit, offered to make payment to the payees, and demanded a conveyance of the lands, and then, at the request of the payees, deposited the amount with a third person, to be paid them on the making by them of a conveyance. If such an agreement was made before the assignment of the note to the appellees, or before notice to the appellant of the assignment, it was valid, and being performed by the appellant is a bar to this suit. Parties before or after the consummation of a contract may annul, rescind, modify, or change it at pleasure, and no other consideration is necessary to support the change or rescission or modification, than the mutual agreement of the parties. 1 Brick. Dig. 394, § 233. This agreement being performed by the appellant, was as to him executed. He was discharged from liability on the note, and the right of the payees was to the money he had deposited. This right was conditional, dependent on the making of a conveyance of the lands. The plea may be defective, in not averring this agreement was made before the assignment of the note to the appellees, or before notice of it to the appellant. That, however, is not a cause of

demurrer assigned, and we cannot consider it. The plea was not obnoxious to any one of the causes of demurrer specified, and the court therefore erred in sustaining the demurrer.

3. The fifth plea was obnoxious to the specific causes of demurrer. It is pleaded in bar of the action, and avers only that the consideration of the note was the purchase-money of lands; that cotemporaneous with the making of the note, the payees gave a bond to make a good title on the payment of the purchase-money; that after the maturity of the note, the appellant tendered to the payees the money due thereon, and demanded a conveyance of the lands, which they refused to make. The plea, as we have said, is in bar of the action. It is not a plea averring a right to damages, because of the payees' breach of the bond for title, and offering to set them off against the plaintiff's recovery. Such a plea would in effect acknowledge the justice of the plaintiff's demand, and set up an opposing demand to counterbalance it. This plea denies the justness of the plaintiff's demand, and sets up facts which are supposed to be in destruction of it. As a plea in bar it cannot be sustained. It does not aver that there has been a rescission of the contract of purchase of the lands, nor an eviction, nor an abandonment of possession. It simply avers that the payees failed to keep their covenant to make title. No principle is better settled in this court than that a vendee of lands, who has gone into possession, accepted a bond for title, and given his notes for the purchase-money, cannot at law resist a recovery on the notes, so long as the contract of purchase is unrescinded and he remains in possession. *George* v. *Stockton*, 1 Ala. 136; *Helvenstein* v. *Higgason*, 35 Ala. 259. The demurrer to this plea was properly sustained.

4. The sixth plea is a plea of set-off, and avers the consideration of the note was the purchase-money of lands, which the payees bound themselves to convey to the appellant on the payment of the purchase-money; that at the time it was payable, the purchase-money was tendered, and a title demanded, which the payees failed to make; that thereby the appellant had sustained damages to the amount of one thousand and sixty dollars, which he claims as a set-off. The plea is bad, because it does not aver that a conveyance was prepared and tendered to the vendors for execution. The duty of preparing and tendering the conveyance under our decisions rests on the vendee, and he cannot place the vendor in default without having performed it, or alleging some sufficient excuse for the failure. 1 Brickell's Dig. 311, 569. The insufficiency of the plea in this respect is not, however, assigned as a cause of demurrer. The objections taken, so far as this plea is concerned, resolve themselves into this: that the demand preferred as a

set-off is for unliquidated damages, which are not the proper subject of a set-off. This was certainly true under the statute of set-off existing prior to the Code. Then, only debts on which an action of debt, *indebitatus assumpsit*, could be maintained, were the proper subjects of set-off. Unliquidated damages, though arising out of the breach of contract, and though the law furnished the criterion by which they were to be measured, could not be sustained as a set-off. Hence, in *Dunn* v. *White* (1 Ala. 645), and in *Cole* v. *Justice* (8 Ala. 793), it was held the payment of an outstanding incumbrance by a purchaser of land, with a covenant either express or implied from the vendors against incumbrances, could not be set off against a recovery of the purchase-money. The Code has relaxed the severity of the former statutes, and authorizes the set-off of not only mutual debts, but liquidated or unliquidated demands, *not sounding in damages merely*. R. C. § 2642. A demand does not sound in damages merely, if, when the facts on which it is based are ascertained, the law measures them accurately by a pecuniary standard. *Holley* v. *Younge*, 27 Ala. 203. In this case, a set-off of the amount paid by a vendee in extinguishing an outstanding vendor's lien, an incumbrance on the premises, was allowed, in an action for the recovery of the purchase-money. In *Gibson* v. *Marquis* (29 Ala. 668), damages for a false representation as to the liability of the lands to overflow were declared a proper matter of set-off, in an action on the note for the purchase-money. The same ruling was reaffirmed in *Kannady* v. *Lambert*, 37 Ala. 57 ; *Salter* v. *Phillips*, 38 Ala. 382. In *Bell* v. *Thompson* (34 Ala. 633), and in *Nelms* v. *Prewitt* (37 Ala. 389), a demand for damages, on account of the vendor's breach of warranty and a deficiency in the quantity of land sold, was held a good set-off, in an action on the notes for the purchase-money. In *Martin* v. *Wharton* (38 Ala. 637), it is asserted that a cross demand growing out of a defect in the vendor's title is available as a set-off, in an action on the notes for the purchase-money, although the purchaser is in possession. The rule deducible from these authorities is, that whenever the vendee can maintain a cross-action at law, because of matters arising out of the contract of purchase, or because of the vendor's breach of the obligations of the contract, and the damages recoverable are fixed by a legal standard, such damages may be insisted on, as a set-off to an action for the purchase-money.

The note for the purchase-money having matured, it was the legal right of the vendee to tender the purchase-money, and demand of the vendor a conveyance of the lands. If the conveyance was refused, the condition of the bond for title was broken, and the vendee could elect to proceed at law for

[Eads *v.* Murphy.]

the recovery of damages, or apply to a court of equity for a specific performance. If he elected to proceed at law, his remaining in possession would not defeat the suit. *Haynes* v. *Farley*, 4 Port. 528. The non-payment of the purchase-money would not bar the action, but would be considered in reduction of damages. *Allen, Adm'r,* v. *Greene,* 19 Ala. 34. The sixth and seventh pleas are not, of consequence, subject to the demurrer interposed. They disclose a good set-off to the action. The value of the land, at the time of the breach of the obligation to convey, with interest thereon to the time of trial, is the measure of damages the vendee is entitled to recover. *Pinkston* v. *Hail,* 9 Ala. 252 ; *Whiteside* v. *Jennings,* 19 Ala. 744.

5. The demurrer to these pleas having been sustained, the appellant, by leave of the court, filed three additional pleas. To these pleas the appellees interposed a demurrer, assigning the same and additional causes of demurrer. One of the additional causes of demurrer is, " that the pleas do not consist of such a succinct statement of the facts relied on, as that a material issue can be taken thereon," pursuing in effect the language of the statute. R. C. § 2638. The first of these pleas, averring the consideration of the note sued on was the purchase-money of lands, to which the vendors by bonds covenanted to make the appellant a good title, proceeds to aver that a part of the lands were at the time of the purchase held adversely to the vendors, and that such adverse possession continued to the time of pleading. The value of the land is averred, accompanied with the averment that title had not been made to the appellant. The plea then claims as damages the value of the lands so adversely held, and proposes such damages as a set-off.

The general rule is, that a plea of set-off must disclose a state of facts, which would entitle the party pleading it to maintain an action, if he were the plaintiff in the prosecution of a suit. *Crawford* v. *Simonton,* 7 Porter, 110. The facts stated in this plea, if embodied in a complaint, would not disclose a substantial cause of action. The bond for title is not set out, nor is its substance. No fact is stated from which a breach of its stipulations can be legally deduced. It may or may not have covenanted for an immediate transfer of the possession of the lands to the vendee. Such must have been its legal effect before an adverse possession at the time of its execution could be assigned as its breach. The material issue which could be formed on this plea would involve the inquiry, whether an adverse possession existing at the time of the sale, and preventing the vendee from obtaining possession, was a breach of the bond for title. The plea does not state the facts on which such issue could be formed, and it is, of consequence, obnoxious to the cause of demurrer we have recited above.

[Chickering v. Bromberg.]

6. The second additional plea varies from the first, in averring expressly that the vendors agreed to place the vendee in possession. If such was the agreement or contract of the parties, and the lands or a part thereof were adversely held, and the vendee did not, and could not obtain possession, a breach of the contract would occur, authorizing the vendee to sue at law. Damages for this breach under our statute, and the decisions to which we have referred, would be available as a set-off. We would hesitate to affirm that the plea in its present form is capable of a material issue. As the case must, for the errors already noticed, be reversed, and the plea can be amended, we will waive any expression of opinion on this question. The third additional plea is bad, for reasons already stated.

It is insisted by the counsel for the appellees, that although the demurrer to one or more of the special pleas should not have been sustained, yet as, under pleas which were not demurred to, the appellant could have had the benefit of any defence they may present; sustaining the demurrer was error without injury. The decisions on this point are not very harmonious. The true rule we think is, that when error is shown the presumption of injury arises, compelling a reversal, unless the presumption is clearly repelled by the record. This presumption is not repelled, unless we can see that a party interposing a special plea, to which a demurrer is erroneously sustained, not only could have had, but that he did have, the benefit of the defence such plea presents, under some other plea. That is not apparent from this record, and we cannot withhold a reversal.

The judgment is reversed and the cause remanded.