# Maull *v.* Eiland.

### *Action for Breach of Written Contract.*

1. *Payment by plaintiff, as condition of performance by defendant.* Where plaintiff sues for the breach of a written contract by defendant, in refusing to allow him to enter and remove the timber from land as stipulated, part of the price having been paid in cash, and a note given for the balance, which defendant has transferred to another person; if payment of this note was a condition precedent to performance by de-fendant, its non-payment is no defense to the action, since defendant can not, while retaining what he has received, refuse to perform his part of the contract.

2. *Same; dependent and independent stipulations.*—If the contract gives plaintiff the right to enter at once and erect his mill, and requires him to cut and remove the timber by a specified day, payment of the note is not a condition precedent to performance by defendant, and its non-payment is no defense to plaintiff's action.

[Maull v. Eiland.]

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JOHN MOORE.

This action was brought by John F. Maull against Absalom Eiland, to recover damages for the breach of a written contract, which, as set out in the amended complaint, was dated January 4th, 1882, signed by both of the parties, and in these words: "This agreement, entered into between J. F. Maull and A. Eiland this day, is to this effect: That in consideration of $500, the said Eiland sells to J. F. Maull all the timber on his land large enough for saw-timber, said land being 360 acres, of which 80 acres has been picked over. Said Maull agrees to remove said timber by January 1st, 1886; otherwise, this agreement is null and void, and said Maull forfeits his claim upon said timber. Said timber is on the west half of section 30, T. 22, R. 14, being all the timber lands he now owns. Said Eiland acknowledges the receipt of $50, and has taken one note for $200, due July 1st, 1882, and one note for $250, due January 1st, 1883; and upon the payment of these notes, and the removal of the timber as per time specified, the said Maull fulfills his part of the contract; and the said Eiland agrees to let said Maull enter and take possession of the said timber, whenever the said Maull sees proper to do so, and to permit said Maull to place his mill upon said land, and to remove any and everything he may see proper, at the expiration of the year 1886."

The action was commenced on the 1st September, 1885. The breach alleged was the defendant's refusal to permit plaintiff to enter on the land, and to cut and remove the timber. The court sustained a demurrer to the complaint, original and amended, and its judgment on the demurrer is now assigned as error.

WM. A. COLLIER, for the appellant.

WATTS & SON, contra, cited Davis v. Adams, 18 Ala, 264; Drake v. Goree, 22 Ala. 409; Martin v. Chapman, 6 Porter, 344; Davis v. Wade, 4 Ala. 208.

CLOPTON, J.—The action is brought by appellant, on a contract entered into with appellee, in January, 1882. By the contract, the defendant sold to plaintiff all the timber on his land suitable for saw-timber, for the sum of five hundred dollars, of which plaintiff paid him fifty dollars in cash,

[Maull v. Eiland]

and for the balance of the purchase-money gave two notes, one for two hundred dollars, payable July 1st, 1882, and the other for two hundred and fifty dollars payable January 1st, 1883. The first note has been paid, and a small amount paid on the second note. The breach complained of is, that the defendant forbade and refused to permit the plaintiff to enter upon the land and remove the timber. The defendant demurred to the complaint; the principal and material cause of demurrer assigned being, that the payment of the note last falling due is a condition precedent to performance of his promise to allow plaintiff to enter upon the land, and cut and remove the timber, and that complainant shows that the note is unpaid. The complaint avers that the plaintiff had paid the first note, and that defendant had transferred the second note to a third person, who had instituted suit thereon, which is still pending.

If it were admitted that payment of the notes was a condition precedent, the defendant, by receiving and accepting a substantial part of what was to be performed in his favor, and by placing the second note beyond his control, converted the condition precedent into an independent promise, the failure to perform which affords no defense to an action on the contract by the plaintiff. The law will not permit the defendant to retain what he has received, and not perform his part of the contract. In such case, it leaves him to his action against the plaintiff.—2 Benj. on Sales, § 857.

2. But, are the promises dependent? Whether the promises are mutual and independent, or dependent, must be collected from the intention and meaning of the parties, by a fair interpretation of the contract; its terms, the subject-matter, the situation of the parties, and the surrounding circumstances, being considered. There are two rules of construction generally recognized, which will materially aid in discovering the intent of the parties. When a day is appointed for doing an act, which is to happen, or may happen, before the promise by the other party is to be performed, the latter may bring an action for a breach of the contract before performance. And whatever may be the order in which the stipulations or promises may be stated in the contract, their dependency or independency will be determined from the nature of the acts to be performed, and from the order of time they must necessarily precede and follow each other, or in which the intent of the transaction requires their performance.—2 Benj. on Sales, § 855; *George v. Stockton,*

[Wright v. Dunklin.]

1 Ala. 136.  It may be, that where the purchaser promises to pay the purchase-money of real estate by installments, and the vendor covenants to convey by deed on or after the day on which the last installment falls due, payment of the installments is a condition precedent to the right to demand the conveyance; but it is otherwise, when the time appointed for making the conveyance occurs, or may occur, before any of the installments fall due.  Here, by the express terms of the contract, the defendant agrees to let the plaintiff enter, and take possession of the timber, whenever he sees proper to do so, and to permit him to place his mill on the land. This provision of the contract was material, in view of the obligation of the plaintiff to remove all the timber by January 1st, 1886, which might necessitate the commencement of cutting and removing before the last note fell due.  Under the contract, the plaintiff had the right to enter and take possession of the timber at any time, at his pleasure.  The entry and taking possession might have happened before the last note fell due.  It could not have been in the contemplation of the parties, that entry on the land should be dependent on the payment of either of the notes.  The intent of the transaction requires performance of the promise to permit plaintiff to enter and take possession of the timber, before payment of the notes could be lawfully demanded. Therefore, payment is not a condition precedent.  The demurrer to the complaint was improperly sustained.

Reversed and remanded.