# Morris v. Lagerfelt.

*Action on Contract.*

1. *Contract; when option for sale of land supported by sufficient consideration; right of vendor to maintain an action.*—Where the owner of land, for a recited consideration, gives to another an option to purchase his land at a certain price within a specified time, and the con-

tract stipulates that if the vendor should refuse to make the sale, upon the compliance by the holder of the option with the terms of the purchase he, the vendor, will pay to the would be vendee, as liquidated damages, the same amount paid by the latter as consideration for the option, such contract is supported by a valuable consideration and is mutually binding upon the parties, since, upon the compliance by the vendee with the conditions and terms of the purchase, he could enforce a specific performance by the vendee of his agreement to convey; and upon the vendee failing or refusing to pay the consideration agreed upon for such an option, the vendor can maintain an action on said contract to recover the amount so agreed upon.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellee, C. O. Lagerfelt, on October 10, 1891, against the appellant, E. W. Morris, to recover the sum of one hundred dollars, claimed to be due to the plaintiff upon a written contract for the sale of an option on a gold mining claim. The complaint as originally filed contained but one count, claiming an amount due on said contract. By leave of the court, the plaintiff amended his complaint by adding a second count, in which he set out in full the written contract sued upon, averring that he had performed his part of the contract, and the defendant had failed to pay the amount agreed in said contract, and that the same was now due and unpaid. The contract so set out in the complaint, and which forms the basis of the present suit, is as follows: "This option and memoranda of agreement, this day entered into between C. O. Lagerfelt, party of the first part, and E. W. Morris, party of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of one hundred ($100.00) dollars, to him in hand paid by the party of the second part the receipt whereof is hereby acknowledged, sells to the party of the second part, an option on the purchase by the party of the second part, of the party of the first part, of fifty-one *per centum* interest in and to the following described 'Gold Mining Claim,' situated in Organ Mining District, in Dona Anna county in the Territory of New Mexico, said mining claim being located and described as follows: [Here is set out a detailed description of the mining claim.] This option to continue for 30 days from the date hereof. The terms of the purchase of said interest in said mining property, if above

39

option is carried out, is twelve thousand and five hundred ($12,500.00) dollars, to be paid as follows: Six thousand, two hundred and fifty ($6,250.00) dollars to be paid by the party of the second part to the party of the first part within thirty days from the date hereof, and the remainder six thousand, two hundred and fifty ($6,250.00) dollars to be paid in the same way two months from the date hereof. If the party of the second part fail to make the second payment as when the same falls due, then this agreement shall be utterly null and void, and the first payment of six thousand, two hundred and fifty dollars, ($6,250.00), shall remain and continue the property of the first part as liquidated damages for the breach of this agreement, and not as a penalty, and the party of the second part hereby relinquishes all right to the same or any part thereof. If the said first payment of six thousand, two hundred and fifty dollars, ($6,250.00,) shall be made or lawfully tendered to the party of the first part within the said thirty days, hereinbefore mentioned by the party of the second part, and the said party of the first part shall fail or refuse, on said payment or tender, to assign and transfer to the party of the second part said fifty-one *per centum* interest in said mining claim property, then and in that case, the party of the first part hereby agrees to pay to the party of the second part the sum of one hundred dollars ($100.00), as liquidated damages for the breach of this agreement and not as a penalty, and he hereby waives all exemptions as to said liquidated damages, and the party of the second part in order to secure the payment of said six thousand, two hundred and fifty ($6,250.00) dollars, hereby gives the party of the first part a lien on said fifty-one *per centum* interest in said mining claim and property until said sum is paid. In duplicate this 25th day of July, 1891.

[Signed]        C. O. Lagerfelt.
.        E. W. Morris.''

The defendant demurred to this amended count of the complaint, on the ground that the contract therein set out does not show any consideration for the defendant's promise to pay the one hundred dollars sought to be recovered. This demurrer was overruled, and the defendant duly excepted.

Upon the trial of the case, as is shown by the bill of

[Morris v. Lagerfelt.]

exceptions, the plaintiff offered proof of the execution of the contract sued upon, and introduced the same in evidence against the objection and exception of the defendant. The plaintiff proved that he had made demand upon the defendant for the payment of the one hundred dollars, which demand had been refused; and he testified in his own behalf, that at the time of selling the option he was lawfully seized of all right, title and interest in and to said property as described in the complaint stated above, and had the right to sell the same.

The cause was tried by the court without the intervention of a jury, and upon the hearing of the evidence, judgment was rendered for the plaintiff. The defendant brings this appeal, and assigns as error the overruling of his demurrer to the amended complaint, and the rendering of judgment for the plaintiff.

JAMES WEATHERLY, for appellant.—1. The written contract, the foundation of the action, and literally described in the complaint, being without consideration, wanting in mutuality, and a mere *nudum pactum*, was not enforceable, and the demurrer to the complaint, grounded upon this vice in the contract, should have been sustained.—1 Chitty on Pl., 292–297, (8 Am. Ed.); 3 Amer. & Eng. Encyc. of Law, 843–4 and note 1; p. 845 and note 1; p. 830 and note 5; p. 831 and note 2; p. 846 and note 4; *Rutledge v. Townsend*, 38 Ala. 706; *Campbell v. Lambert*, 36 La. Ann. 35; *Evans v. R. R. Co.*, 78 Ala. 341; *Houston &c. R. R. Co. v. Mitchell*, 38 Tex. 85; *Bailey v. Austrian*, 19 Minn. 535; 1 Wait's Ac. & Def., 102; 3 Pom. Eq., § 1405, (2d Ed.); *Hanna v. Ingram*, 93 Ala. 482; *Ross v. Parks*, 93 Ala. 153; *Wailes v. Howison*, 93 Ala. 375; 22 Amer. & Eng. Encyc. of Law, 970 and cases cited.

2. The complaint does not disclose a substantial cause of action.—Code, pp. 790–792; *Winnemore v. Mathews*, 45 Ala. 449–450; *Adams v. Adams*, 26 Ala. 272; *Hill v. Nichols*, 50 Ala. 336; *Jones v. Powell*, 15 Ala. 824; *Pope v. Terre Haute Con. Mfg. Co.*, 13 N. E. Rep. 592; *Snedecor v. Leachman*, 10 Ala. 330; 5 Amer. & Eng. Encyc. of Law, 355, 356, 358 and notes; 1 Chitty on Pl., 301 *et seq.*

3. There is a total failure of proof, or, at least, a substantial variance between the complaint and proof, as to the *quo modo* of the defendant's liability, and as to the

[Morris v. Lagerfelt.]

real nature of the agreement between the parties, the proof showing, if anything, that the original written contract was materially modified.—2 Thompson on Trials, § 2251 ; 1 Chitty on Pl., pp. 297-8, 304.

JOHN E. MILES, *contra*.—1. While it is necessary that the consideration of a promise should be of some value, it is sufficient ·if it be such as could be valuable to the party promising ; and the law will not inquire as to the adequacy of the consideration, but will leave the parties to be the sole judges of the benefits to be derived from their contract, unless the inadequacy of the consideration is so gross as of itself to prove fraud or imposition.— *Judge v. Lauderman,* 48 Ohio St. 562.

2. Mutual and simultaneous promises binding all the parties, constitute a valuable consideration for a con-- tract.—*Flanders v. Wood,* 18 S. W. Rep. 572. The execution and delivery of a contract to sell land signed by the vendor is a sufficient consideration to support a promise by the purchaser to pay the money therein named as the price of the land.—*Easton v. Montgomery,* 90 Cal. 307-37. The assent of the parties to a sale may be express or implied from their language, conduct or silence.—*Rendall Boot & Shoe Co. v. Bain,* 46 Mo. App. 581.

HEAD, J.—Assuming the validity of the contract brought to view, in this case, as a mutually binding obligation, the one hundred dollars, therein recited to have been paid by the appellant, was a cash consideration, payable at the time of the execution of the contract. The same not being paid upon the delivery of the instrument, a right of action for its recovery at once arose. Recitals in written contracts, in reference to the payment of the consideration, like that in the present contract, are always open to explanation by parol. Neither the allegation of the present complaint nor the evidence vary the legal effect of the writing.

We think the contract was mutually binding upon the parties. For the consideration of one hundred dollars, the appellee bound himself, at any time within thirty days, to sell to the appellant the specified interest in the gold mine, upon terms and considerations particularly expressed, if, within that time, appellant should exer-

cise his option to make the purchase and comply with the prescribed terms on his part. The contract stipulates that if the vendor, the appellee, shall refuse to make the sale or transfer, upon compliance with the terms by the appellant, the vendee, within the time stipulated, he, the vendor, will pay to the vendee one hundred dollars as liquidated damages; and from this it is argued that no obligation was imposed upon the vendor to make the sale, but that the legal effect of the instrument was that it was left purely to his option whether he would make the sale, or repudiate it by simply restoring the consideration received. If under the agreement, properly interpreted, it be true that the vendor had the right to repudiate the promise to sell, and, in that event, incur no other responsibility or obligation than the payment of liquidated damages of one hundred dollars, we would unhesitatingly declare the instrument a mere *nudum pactum*, for the obvious reason that the sum fixed as liquidated damages being that sum which was paid for the option to purchase, the payment of such damages would be no more than the mere restoration of the consideration paid for the option to purchase, placing the vendor precisely where he was when the agreement was made, with no other obligation whatever resting upon him. But we do not so interpret the agreement. It clearly evidences a promise to sell and convey the specified interest in the mine upon the specified conditions and terms. It is true liquidated damages are stipulated for the breach of that promise, and the vendee, relying for his redress, upon the payment of damages for the breach, would be limited in his recovery to the stipulated sum; but the fact that the damages are liquidated by the contract for the sale of realty, as in the present case, does not affect the right of the vendee to insist upon a specific performance of the contract. In all breaches of this kind, the vendee has his election to enforce specific performance of the contract, or, waiving that, sue at law for damages for the breach. If the latter redress is elected, and the damages have not been liquidated by the agreement of the parties, they will be assessed by the jury according to known principles of law; if liquidated by the agreement, that will be the measure of recovery.—22 Am. & Eng. Encyc. Law, p. 999, and cases cited in note 4; Ib. p. 970, and note 6;

[Kilgore v. Kilgore *et al.*]

*Haynes v. Farley,* 4 Port.528; *Eads v. Murphy,* 52 Ala. 520 ; *Micou v. Ashurst,* 55 Ala. 607; *Cotton v. Cotton,* 75 Ala. 345. We, therefore, hold, in this case, that the appellant, Morris, upon compliance with the conditions and terms of the agreement, upon his part, could have enforced performance, on the part of the other party, of his agreement to convey ; wherefore the contract was mutually obligatory, and the appellee entitled to receive the one hundred dollars agreed upon as its consideration.

Affirmed.