| 27 | 203 |
| 93 | 236 |

| 27 | 203 |
| e127 | 131 |
| 127 | 133 |

# HOLLEY *vs.* YOUNGE.

[ACTION ON NOTE GIVEN FOR PURCHASE MONEY OF LAND—QUESTIONS OF PLEADING AND PRACTICE.]

1. *Set-off—what are demands not sounding in damages merely.*—A demand " not sounding in damages merely", under the statute of set-off (Code, § 2240), is one which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard ; and therefore, under this statute, if a vendee with covenants of warranty buys in an out-

standing vendor's lien, at a price less than the amount of the purchase money and interest, this demand, if reasonable, would be a good set-off in an action on the note given for the purchase money.

2. *As to plea of pendency of another action.*—The pendency of another action between the same parties is good matter in abatement only, and, when pleaded with pleas in bar, should be stricken out on motion ; but if the plaintiff demurs to it, the overruling of his demurrer (even if erroneous) is not an available error, when the record shows that he afterwards recovered judgment on the issues joined.

3. *Covenant cannot be varied by parol.*—The legal effect of a covenant cannot be varied by a parol contemporaneous agreement; as where a vendee, with covenants of warranty, agrees by parol to pay an outstanding incumbrance.

4. *Fraud, when good defence at law against deed.*—The only fraud which can be set up at law to avoid the operation of a sealed instrument, is that which goes to its execution : fraudulent misrepresentations, on the part of the vendee, to the effect that he would not use the deed against his covenantor, are no defence at law.

APPEAL from the Circuit Court of Coffee.

The record does not show the name of the presiding judge.

ACTION (under the Code) by Alfred Holley against Henry A. Younge, on a promissory note for $1,000, executed by the defendant, dated September 23, 1851, payable to the plaintiff or bearer on or before the 1st January, 1851. The defendant pleaded, 1st, *non assumpsit;* 3d, payment; 4th set-off ; 5th, pendency of another action, commenced prior to this suit, between the same parties, and for the same subject-matter ; and the second plea was as follows : " That defendant made the note sued on for lands, and obtained deed from plaintiff with covenants of warranty against all incumbrances ; that at the time of the purchase and execution of said deed, the original purchase money due for said lands was unpaid, and afterwards the vendor filed his bill in chancery in this district, against said plaintiff, and obtained a decree condemning said lands to the lien of the vendor for said unpaid purchase money ; that said lands were sold under said decree by the register in chancery, and defendant became the purchaser, at about $300 ; that said plaintiff was a party to the said proceedings in chancery, condemning said lands as aforesaid ; that defendant has paid the $300, and had paid the same prior to the commencement of this action."

The plaintiff joined issue on the first, third, and fourth pleas, and demurred to the second and fifth. The grounds

of demurrer specified to the second plea were, " that it does not set up a legal defence to plaintiff's action, or any part of it ; that said plea offers to set off against plaintiff's note an action sounding in damages merely ; and that said plea sets up no request by the plaintiff to the defendant to pay said $300." And the grounds of demurrer to the fifth plea were, " that it sets up matter in bar of plaintiff's action, which could only be pleaded in abatement of the same ; that it is a plea in abatement, put in after the defendant had pleaded in bar ; that it is a plea in abatement, pleaded with pleas in bar ; and that the matters set up in said plea are insufficient to bar plaintiff's action."

The court overruled both these demurrers, and the plaintiff then filed two replications to the second plea, which were as follows : " 1st, That said defendant, at the time of the execution of said deed, in said plea mentioned, agreed with plaintiff to pay said incumbrance in said plea mentioned, and that he would not hold plaintiff responsible for said incumbrance in consequence of the low price he was to pay for said land, and said defendant was to take said land, subject to said incumbrance, for the original purchase money claimed by plaintiff in his said complaint" ; and, 2d, " That said deed of warranty mentioned in said plea was obtained by defendant from plaintiff, by his fraudulently representing to plaintiff that said deed should never be used against him, *but was executed solely for the purpose of getting the Rimmies out of possession of said land,* when, in fact, defendant is using said deed in this suit, against plaintiff, contrary to his said representations."

The defendant demurred to these replications, " upon the ground that they are contradictory of said deed, and are not alleged to be in writing ; " because the facts in said replications do not amount to a defence in law to said matters specially pleaded ; and because the same is no answer to said plea." The court sustained the demurrer, and the plaintiff then took issue on said pleas ; and on the trial he recovered a verdict and judgment for $839 77, from which he prosecutes this appeal, and here assigns for error the rulings of the court on the several demurrers, as above stated.

WATTS, JUDGE & JACKSON, for the appellant.

JAMES L. PUGH, *contra.*

GOLDTHWAITE, J.—The second plea avers, in effect, that the note sued on was given for a tract of land, to the plaintiff below, who executed a deed with covenants of warranty against incumbrances; that at the time of the execution of said deed, there was a vendor's lien on the land for the purchase money; that a bill in chancery was filed, to which the plaintiff was a party, to enforce said lien, a decree rendered condemning the lands to be sold to the satisfaction of the same, which was done, and that the defendant became the purchaser for the sum of three hundred dollars.

Under our decisions, based upon the old law, the demand set up in this plea would not have been a good set-off, for the reason, that the contract out of which it arose was one of unliquidated damages (Dunn v. White, 1 Ala. 645; Cole v. Justice, 8 Ala. 793); but the law in this respect has been changed by the Code (section 2240), which allows "unliquidated demands, not sounding in damages merely", when subsisting between the parties at the time of suit brought, to be set off. What we understand by a demand "not sounding in damages merely," is one which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard; but where, as in case of a breach of a marriage contract, an assault and battery, or other cases of the like nature, the demand is of a character which, under the rules of law, does not admit of a reduction to a certain money standard, there it sounds in damages merely. Applying this rule to the plea, as the breach of warranty against incumbrances entitles the vendee to extinguish any one which may be outstanding, in order to perfect his title, (Cole v. Justice, *supra,*) and if he has bought it in, to recover the amount paid if reasonable (Knox v. Anderson, 20 Ala. 156), and it does not exceed the amount of the purchase money and interest, it follows that in such a case the demand would be a good set-off. The plea is very carelessly drawn, but, upon a fair construction, it means what we have stated; and the only grounds of objection taken by the demurrer,—and we are not to consider any other, (Code,

Holley v. Younge.

§ 2253,) are, that the plea does not set up a legal defence to the action,—that the demand which it offers to set off sounds in damages merely, and that it states no request by the plaintiff to the defendant to pay the three hundred dollars ; none of which can be sustained.

The fifth plea averred the pendency of another action for the same cause, between the same parties, and was matter pleadable only in abatement.—1 Saund. Pl. (5 Am. edit.) 20. The proper course, when a plea in abatement is pleaded with a plea in bar, is to strike it out on motion.—Hart v. Turk, 15 Ala. 675. But, if it could have been taken advantage of by demurrer, the error of the court in overruling it will not avail the appellant, as the record shows that the action was not abated, but a judgment rendered in his favor, which could not have been the case had he not succeeded on that plea ; and he therefore cannot have sustained any injury by the action of the court upon the demurrer.

The demurrers to the replication to the second plea were also properly sustained. The first sets up a parol contemporaneous agreement destroying the legal effect of the covenant, which is not allowable (Holt v. Moore, 5 Ala. 521 ; Litchfield v. Falconer, 2 Ala. 280) ; and the second alleges that the deed was obtained by the fraudulent misrepresentations of the other party that he would not use it against the covenantor. The only fraud which can be set up in a court of law to avoid the operation of a sealed instrument, is that which goes to its execution (Cow. & Hill's Notes to Ph. Ev. 1449 ; Morris v. Harvey, 4 Ala. 300) ; as where there is a fraudulent misreading, or obtaining such an instrument as the obligor did not intend to give.—Franchot v. Leach, 5 Cowen, 506. The fraud alleged, not affecting the execution, was no defence.

Judgment affirmed.