## GIBSON *vs*. MARQUIS AND WIFE.

[ACTION AGAINST HUSBAND AND WIFE ON NOTE GIVEN FOR PURCHASE MONEY OF LAND.]

1. *When wife cannot be sued with husband.*—Under the Code, as at common law, the wife cannot be joined as a defendant with her husband, in an action on a promissory note executed by them jointly, during coverture, for the purchase money of a tract of land.

2. *Misjoinder of defendants available on demurrer.*—Where the wife is improperly joined as a co-defendant with her husband, and the objection appears on the face of the complaint, she may demur.

3. *Judgment on demurrer.*—In an action against husband and wife, on a note executed by them jointly during coverture, if a demurrer is interposed on acccount of the wife's coverture, she should be discharged from the action ; but the plaintiff should be allowed to proceed against the husband.

4. *Plea must go as far as it assumes to go.*—A plea which assumes to answer the whole cause of action, while it only answers a part of it, is demurrable.

5. *Set-off of demands not sounding in damages merely.*—In an action on a note given for the purchase money of land, the defense may be set up, under the plea of set-off, that plaintiff falsely represented that the lands were not subject to overflow, and that the tract included other valuable lands outside of its boundaries.

6. *Measure of damages.*—The measure of damages to which a purchaser is enti-
tled, on account of his vendor's false representation that the land was not
subject to overflow, and that the tract included other valuable lands which
were outside of its boundaries, is the difference between the actual value of
the land and what would have been its value if the representations had been
true.


APPEAL from the Circuit Court of Macon.

Tried before the Hon. JOHN GILL SHORTER.


THE complaint in this case was in these words :


" John Gibson, plaintiff, ⎱     The plaintiff claims of the defend-
          *vs.*            ⎰ ants $6,425, with interest thereon,
George Marquis, and      ⎱ due by two promissory notes, made
Mary R. Marquis, deft's. ⎰ by them on the 30th day of Septem-
ber, 1854, and payable on or before the 1st day of January,
1856 ; the one for $3,212, with interest from the 1st day of
January, 1855 ; the other for $3,213. And the plaintiff avers,
that said Mary R. Marquis is the wife of the said George
Marquis, with whom she married, in this State, on the — day
of —— viz., since the new code of Alabama statutes went
into operation.   And the plaintiff further avers, that in vir-
tue of said marriage, and of the provisions of said new code
of statutes, property owned and possessed by the said Mary
R. Marquis at the time of her marriage with the said George,
consisting of slaves, live stock, and other personal property,
amounting in value to (to-wit) the sum of $50,000, became,
and from hence until the present time has been, and still is
the separate estate of said Mary, in virtue of, and created by,
the statute aforesaid, as provided in and by said new code of
the laws of this State.   And the plaintiff further avers, that
said two notes now declared on were executed by the said
George and Mary, in consideration of the sale to them of a
tract of land, known," &c., " and containing seven hundred
acres, more or less; for which complainant, at the time of
the execution of said two notes, executed his bond for title to
the said Mary R. and George Marquis, which bond the said
defendants now hold ; and the said land is, and from hence
has been, occupied and cultivated by the said slaves of the
said Mary R. Marquis.   And so the plaintiff avers, that the

said Mary R. Marquis is, and was at the time of the institution of this suit, interested in the subject-matter thereof; whereby, and by force of section 2131 of said new code, and other provisions thereof, an action hath accrued to the said plaintiff, against the said George and Mary R. Marquis, to recover from them the amount specified in the said two promissory notes, according to the tenor and effect thereof; but which said defendants have hitherto neglected, and do still neglect and refuse to pay."

The defendants demurred to the complaint, on the following grounds: 1st, " on account of the misjoinder of parties defendant"; 2d, "because it shows that Mary R. Marquis was, at the time of the execution of said notes, and at the commencement of this suit, a *feme covert*, and wife of the said George Marquis"; and, 3d, " because it does not allege that said notes were given for articles of family comfort and support, nor that the separate estate of the said Mary R. Marquis was acquired under the act of 1848, or any acts amendatory thereof."

The court overruled the demurrer ; and thereupon the defendants pleaded, in addition to the general issue, the following special pleas :

" 2. For further answer to the complaint, defendants say that, during the trade and negotiation for the lands described in the complaint, and with the view of inducing defendants to purchase said lands, plaintiff represented to them that the eastern line of said lands ran at a certain place then and there pointed out by him ; and that defendants, relying upon said representation, were thereby induced to purchase said lands ; and that said line does not run at said place, but at a considerable distance further west ; and that defendants have not received, but are excluded from, about eighty acres of valuable land, worth about $800, which were included and embraced in said trade and purchase, but which lie east of the actual eastern line of said lands."

" 3. For further answer, defendants say that, during the trade and negotiation for the purchase of said land, and with the view to induce defendants to purchase said land, plaintiff represented to them that said land did not overflow, and that

defendants, relying upon said representations, were thereby induced to purchase said land ; and defendants say, that said land does overflow, and is thereby diminished in value a large amount, to-wit, the sum of $800."

The plaintiff demurred to each of these special pleas, 1st, " because said pleas are pleaded as a defense to the whole action, and answer only a part" ; 2d, " because they fail to aver that the representations complained of were false and fraudulent" ; 3d, " because they set forth no matter of defense at law" ; 4th, " because they fail to show that the defendants, or either of them, were induced to enter into the contract by reason of any false or fraudulent representations" ; and 5th, to the second plea, " because it fails to show that the defendants were injured by such representations."

The court overruled the demurrer, and the plaintiff was thereby compelled to take a non-suit, which he now moves to set aside, and assigns as error the overruling of his demurrer.

WM. P. CHILTON, for the appellant.

DAVID CLOPTON, *contra*.

WALKER, J.—The judgment of the court below must be reversed ; and we therefore proceed to consider the various questions which will probably arise on the trial of the case in the court below, and to the decision of which we are invited by the counsel on both sides.

The contract of a married woman, at common law, was void ; and no judgment, for a debt contracted by her, could be rendered against her personally. Her separate estate could, in equity, be subjected to the payment of the debt. The question in this case is, whether or not the common law is so far changed by the Code, that a married woman can bind herself, by a contract for the purchase of land, so that she may be proceeded against at law for the debt. Section 2131 says: " Husband and wife must be joined, either as plaintiffs or defendants, when the wife has an interest in the subject-matter of the suit ; unless the suit relate to her separate estate, when she must sue or be sued alone." This statute pertains to the remedy for and against a *feme covert*, but does

not, of itself, affect her power to contract. So far as it is concerned, the wife's capacity to bind herself by a contract, pending her coverture, is untouched, and remains as at common law. Whether there may not be contracts which, by virtue of other provisions of the Code, would bind her even at law, and upon which she might be sued under section 2131, we do not undertake to decide in this case. It is certain that there is no provision of the Code, which will admit of the construction, that the common-law doctrine of the wife's incapacity to contract, so as to subject herself to suit at law, is *entirely* abolished, or that she may be sued at law upon a note given for the purchase of land during her coverture. We decide, therefore, that Mrs. Marquis, who is, and was when she executed the note in suit, a *feme covert*, is not liable in this action.—See the case of Davis v. Foy, 7 Smedes & Marsh. 64, in which the Mississippi court express the same opinion in reference to the Mississippi statute, which we have attained.

The defect appears in the complaint ; and such a defect, thus appearing, is available by demurrer. Under the previous adjudications of this court, the defense of the coverture of one defendant does not discharge the other ; and the plaintiff could, after judgment in favor of the *feme covert* on demurrer, proceed in the suit against her husband, who is her co-defendant. In this particular, this court has departed from the English practice.—Hall v. Cannte and Wife, 22 Ala. 650 ; 1 Chitty on Pleading, 44–45. The demurrer to the complaint should, therefore, have been taken by the *feme covert* defendant alone, and upon the demurrer she should have been discharged from the action ; but the plaintiff should have been permitted to proceed against the other defendant.

Both of the defendants' special pleas are fatally defective, because they assume to answer the whole cause of action, while they answer only a part of it ; and for that reason, the demurrers should have been sustained. For the error in overruling them, the judgment of the court below must be reversed.

The first of the two special pleas interposes as a defense the plaintiff's false representation that valuable lands, outside of the boundaries of the tract for which the note in suit was

given, were included in it. The second plea sets up as a defense his false representation that the land did not overflow. In the case of Holley v. Younge, 27 Ala. 203, section 2240 of the Code was construed to authorize a set-off, where the defendant was entitled to recover, at law, damages which the law was capable of measuring accurately by a pecuniary standard. Pritchett v. Munroe, 16 Ala. 785, is an authority that an action could have been maintained at law for the misrepresentations alleged in the two special pleas, and the law prescribes the measure of damages in such cases. Upon the authority of those cases, we decide, that the matter of the two special pleas is available to the defendant by way of set-off. The measure of damages, in such case, would be the difference between the value of the tract of land as it actually was, and its value if it had been as represented.—Foster v. Rogers, 27 Ala. 602 ; Melton v. Rowland, 11 Ala. 732. The two special pleas probably are not framed in reference to the correct measure of damages, but the defects in that respect can be corrected by amendment in the court below.

The judgment of the circuit court is reversed, the non-suit set aside, and the cause remanded.