## PARKER'S EXECUTOR *vs.* LAMBERT'S ADM'RS.

[ACTION AT LAW AGAINST EXECUTOR OF FEME COVERT.]

1. *Contract of feme covert, living separate from her husband, and owning separate estate.*—A married woman, owning a separate estate by deed, and living apart from her husband by agreement with him, could not, at common law, make any contract upon which either she or her personal representative could be sued at law; and this principle of the common law is not affected by any statutory provisions of this State.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by the administrators of Mrs. Elizabeth Lambert, deceased, against the executor of Mrs. Bethany Parker, deceased; and was commenced in March, 1854. It was founded on several promissory notes, fourteen or fifteen in number, for less than $50 each, amounting in the aggregate to about $600, all dated 11th May, 1852, executed by Mrs. Parker, and payable to Mrs. Lambert. The only plea was the general issue, with leave to give any [special matter in evidence. The evi-

dence adduced on the trial, as appears from the bill of
exceptions, showed that these notes were given in con-
sideration of board and lodging furnished to Mrs. Parker,
who was a married woman, living separate and apart from
her husband by agreement between them ; and it appeared
that, at the time the notes were given, Mrs. Parker owned
a separate estate, by deed from her husband, of which
Joseph D. Hopper was trustee.   The court charged the
jury, "that if they believed from the evidence that Mrs.
Parker, at the time of the making of said notes, was a
married woman, and so continued until her death, and
that her husband was living at that time, this would not
defeat the plaintiff's right of recovery, if they also found
from the evidence that, at the time she made the notes,
she was living separate from her husband under an agree-
ment so to do, and that she then had a separate estate
which, at her death, came into the hands of the defend-
ant."   The defendant excepted to this charge, and he
now assigns it (*inter alia*) as error.

L. E. PARSONS, for the appellant.

WM. P. CHILTON, and MORGAN & MARTIN, *contra*.

RICE, C. J.—One of the general rules of the common
law is, that a married woman has no power or capacity to
contract, so as to authorize a judgment to be rendered
against her personally, either by a court of law or a court
of equity, on a contract made by her during coverture.
To this general rule there are exceptions; but the facts
which constitute the hypothesis of the first charge given
by the court below, do not bring the present case within
the exceptions.   Upon such a state of facts as supposed
in that charge, the capacity of the wife to bind herself by
a contract made during the coverture, so as to authorize
either her or her executor to be sued thereon *at law*, is
untouched and unaffected by any of our statutory pro-
visions.   By such contract, she may charge her separate
estate, and authorize a court of equity to enforce it as
such a charge ; but a court of law cannot enforce such a
contract, either against her or her personal representa-

tive, although she has a separate estate, unless such facts are proved as to bring the case within some exception to the general rule of the common law hereinabove stated. Chitty on Contracts, (edition of 1851,) 168, 171; Gibson v. Marquis, 29 Ala. 668; Rowland v. Logan, 18 Ala. 307; 2 Bright on Husband and Wife, 249, 255.

It is fully settled, that a husband and wife cannot, by a deed securing a separate and sufficient maintenance to her, dissolve the relation of marriage, so as to enable her, even whilst living apart from him, and enjoying such separate fund, to contract as a *feme sole.*—Marshall v. Rutton, 8 T. R. 545; and authorities cited *supra.*

For the error in the first charge given by the court below, we are compelled to reverse the judgment, and remand the cause; and we deem it proper not to pass directly upon the other questions presented on the record, but to leave them untouched for the present.

Judgment reversed, and cause remanded.