Nelms v. Prewitt.

## NELMS vs. PREWITT.

[BILL IN EQUITY BY PURCHASER, FOR ABATEMENT OF PURCHASE-MONEY.]

1. *Set-off of demands not sounding in damages merely.*—Under section 2240 of the Code, a cross demand for damages, on account of a breach of the vendor's covenants of warranty and a deficiency in the quantity of land, is available to the purchaser as a set-off, in an action at law on the note given for the purchase-money.

2. *Equitable relief. by establishing set-off, against judgment at law.*—A defendant in an action at law, having a cross demand which was avail-

able as a set-off either at law or in equity, and which he failed to bring forward in the action at law, cannot afterwards make it the basis of equitable relief against the judgment, without showing some sufficient excuse for his failure to avail himself of it at law.

APPEAL from the Chancery Court of Fayette.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 24th April, 1855, by Nathaniel H. Nelms, against Abram M. Prewitt and James A. Thompson ; and alleged, in substance, the following facts : That on the 1st April, 1851, complainant purchased from said Prewitt a certain tract of land, embracing about six hundred and forty acres, at the price of one dollar and fifty-six and a fourth cents per acre; for which he executed his three promissory notes, one for $300, payable the 25th December, 1851, and the other two for $350 each, payable on the 25th December, 1852, and 1853, respectively ; and, at the same time, Prewitt executed and delivered to him a title-bond, conditioned to make "lawful title-deeds of conveyance to said lands," on the payment of the notes for the purchase-money. At the time this contract was made, about one hundred and twenty acres of the land in fact belonged to one W. W. Strong, who was then in possession thereof, and so continued up to the filing of the bill ; about eighty acres belonged to the United States, and were afterwards entered by the complainant; and a small parcel, containing between thirteen and fourteen acres, belonged to one Thomas Willingham, and was in his possession. On the 16th December, 1852, said Prewitt executed a conveyance to complainant, "pretending thereby to convey to him the same lands described in said title-bond, but in fact conveying only" about five hundred and twenty acres. At the spring term, 1853, of the circuit court of Fayette county, judgment was rendered against complainant, in favor of said Prewitt, on two of said notes given for the purchase-money of said land; but, before execution issued on this judgment, complainant was summoned, by process of garnishment, as the debtor of said Prewitt, and

said debt was condemned in his hands. In September, 1854, James A. Thompson, claiming to be the assignee of said Prewitt, brought suit against the complainant on the last note, and recovered judgment thereon at the ensuing spring term, 1855 ; and the bill alleged, that this judgment, though recovered by Thompson in his own name, in fact belonged to said Prewitt, who was a non-resident. The prayer of the bill was for an account, an abatement of the purchase-money, an injunction of the judgment at law, and general relief. The chancellor dismissed the bill, for want of equity ; and his decree is now assigned as error.

J. M. VAN HOOSE, for appellant.

E. A. POWELL, contra.

R. W. WALKER, J.—Under the Code, (§ 2240,) the claim of the complainant for an abatement of the purchase-money, on account of a deficiency in the land sold, and for damages by reason of the breach of the defendant's covenant of warranty, might have been presented and allowed as a set-off, in the action at law upon the note for the purchase money.—*Holley v. Younge*, 27 Ala. 203 ; *Gibson v. Marquis*, 29 Ala. 668 ; *Bell v. Thompson*, 34 Ala. 635. It is not necessary that we should consider whether, on account of the non-residence of his vendor, this demand of the complainant was not also available by way of equitable set-off in a court of chancery ; for, supposing that to be so, still it is well settled, that where a defendant in an action at law has a cross demand, which is an equitable, as well as a legal set-off, he cannot withhold it as a defense to the action at law, and, after the judgment has been rendered, make it the basis of a suit in chancery. If, in point of fact, the complainant has a well-founded claim for damages against the defendant, he might have had the benefit of it by way of set-off in the action at law; and, as no legal excuse is shown for the failure to make the defense in that suit, no relief can now be had in chancery.—*Pearce v. Winter Iron Works*, 32 Ala. 73 ; *Foster v. State Bank*, 17 Ala.

Decree affirmed.