NANCY McKEAN *v.* CHARLES TURNER, PR., AND BELKNAP COUNTY MUTUAL FIRE INSURANCE COMPANY, TRUSTEE.

A claim for unliquidated damages cannot be reached by foreign attachment.

A claim arising upon a policy of insurance upon mills, machinery, gearing, fixtures, and lumber, until an adjustment of the loss, must be regarded as unliquidated.

IN this case the insurance company is summoned as the trustee of the principal debtor, and it appeared from the disclosure that the trustee had insured the debtor's property against fire by two policies, one for $1000, "on shop building, water wheel and main shafting." The other for the same sum, to wit: $300 on "lumber, finished and manufactured work," $700, on "moveable and fixed machinery, and tools and fixtures."

Afterwards the property insured, or a portion of it, was burned, but the loss has never been adjusted; on the contrary, in consequence of the alleged neglect of the insured to pay assessments, the company voted not to pay the loss.

Other facts are stated in the disclosure which raise other questions not necessary to be considered.

*Eastman & Cross*, for plaintiffs.

*Vaughan*, for trustee, contended that this was a claim for unliquidated damages, and was not the subject of the trustee process, and cited *Foster* v. *Dudley & Tr.*, 30 N. H., 463; *Rand* v. *White Mountains Railroad & Tr.*, 40 N. H. 79, and *Bell* v. *Pike*, in Grafton county, not yet reported.

BELLOWS, J. It must be regarded as well settled in New Hampshire, that a claim for unliquidated damages, whether caused by a tort or breach of contract, cannot be reached by the trustee process. *Paul* v. *Paul & Trustee*, 10 N. H. 117; *Foster* v. *Dudley*, 30 N. H. 463; *Getchell* v. *Chase*, 37 N. H. 106; *Rand* v. *White Mountains Railroad & Tr.* 40 N. H. 79.

The question is, then, whether a claim against an insurance company after a loss by fire, but before an adjustment of it, is to be regarded as unliquidated or not. The line which divides claims which are liquidated from those which are not, is not, and, from the nature of the case, cannot be, very distinctly defined.

The question often arises in cases of set-off, and the authorities are collected in Barbour's Law of Set-Off, 82. In *Butts* v. *Collins*, 13 Wend. 139, 156, Senator Maison, in the view of Mr. Barbour, gives a very clear and accurate definition. He lays it down that "unliquidated damages are such as rest in opinion only and must be ascertained by a jury; their verdict being regulated by the peculiar circumstances of each particular case. They are damages, which cannot be ascertained by computation or calculation; as for instance, damages for not using a farm in a workmanlike manner; for not building a house in a good and sufficient manner; on a warranty on the sale of a horse; for not skillfully

amputating a limb; for carelessly upsetting a stage, by which a bone is broken; for not making repairs to a dwelling house; for unskillfully working raw material into a fabric; and other cases of like character, where the amount to be settled rests in the discretion, judgment, or opinion of the jury. In these and the like cases there is no data given for computation, nor can the damages be ascertained by any mode of calculation. It is otherwise as to the amount due on a note, or on a merchant's account; or for work, labor, and services; or for a yard, a piece, or bale of flannel. The damages in such cases can be ascertained by calculation," and he cites *Freeman* v. *Hyatt*, 1 W. Black. 394; *Weigall* v. *Waters*, 6 T. R. 488; *Livingston* v. *Livingston*, 4 Johns. Ch. R. 287; *Hepburn* v. *Hoag*, 6 Cowen, 613—where the claim was for the breach of a contract for the necessary support and maintenance of another, and was held to be a claim for unliquidated damages, not simply an enquiry into the value of board by the week, or of the specific services of a physician, or the value of given articles of apparel; but what shall constitute necessary and comfortable support, including board, lodging, apparel, attendance, medical and otherwise. Also, is cited *Howlet* v. *Strickland*, Cowper 56, where Mr. Justice Ashurst says that debts to be set-off must be such as indebitatus assumpsit will lie for. Similar views are recognized in *Drew* v. *Towle*, 27 N. H. 412, 426.

So in Maine, a claim for the rent of real estate, no price being agreed upon, is not the subject of set-off. *Hall* v. *Glidden*, 39 Maine, 445.

In *Holley* v. *Younge*, 27 Ala. 203, (16 U. S. Dig. 555, sec. 11,) it is held that a demand "not sounding in damages merely" under their statute of set-off, is one, which, when the facts, on which it is based, are established, the law is capable of measuring accurately by a pecuniary standard. In *Diehl* v. *General Mutual Insurance Company*, 1 Sandf. Sup. Ct. Rep. 257, (9 U. S. Dig. 396, sec. 12,) it was held that a partial loss on a policy of insurance is unliquidated in its nature, and cannot be the subject of a set-off.

Upon these principles we think that the claim in this case against the trustee, must be regarded as a claim for unliquidated damages. To determine the amount of damages, it is necessary to ascertain the actual cash value of the buildings, fixtures, machinery, and other property; as the company, by the terms of the policy, is holden to pay no more than two-thirds the value of the real, and one-half the value of the personal, property; and it is then necessary to determine the extent of the injury to the several kinds of property. In both cases to fix these values, and determine the extent of the damages sustained, must be a matter of opinion and judgment to be determined, not by any fixed pecuniary standard, but by an opinion formed from all the circumstances of the case, including location, state of repairs, the quality of the building, machinery, and fixtures, the prices of such property in the neighborhood, and, generally, all the circumstances which bear upon the question of value. With the exception of a small amount of lumber and finished and unmanufactured work, the value of none of the property could be determined by prices in market, although some aid might be derived from the knowledge of the

market price of tools, machinery, &c., before they had been used.    So it would be in determining the extent of the injury to the property.

If a case could be conceived where there was a total destruction of goods the value of which might readily be determined by calculating the market price, it certainly is not this case.

This view, we think, is also in accordance with the general understanding of the profession, and with repeated rulings at Nisi Prius, if not authoritative decisions of our courts.   Some of the New Hampshire decisions, which we have cited, go much further than is necessary to sustain the views we have expressed.   Whether, in the case of *Rand* v. *The White Mountains Railroad & Trustee*, the principle was correctly applied, may admit of some doubt.   There the claim was upon the contract of the trustee to take and pay for some shares in the capital stock of the corporation, which shares had never been delivered or accepted.   The measure of damages, therefore, was the difference between the contract price and the actual value of the stock at the time of the breach of the contract, and ordinarily the market value of stock can readily be determined.   If that case, then, stood upon the ordinary footing, it might be doubted whether upon the authorities it was a case of unliquidated damages.   The principle, however, is clear and we think is decisive of this case.   Therefore, the

*Trustee must be discharge d.*