# Hamilton *v.* Griffin.

*Action to recover Statutory Penalty for Cutting Trees.*

1. *Action to recover statutory penalty; set off can be pleaded.*—An
   action to recover a statutory penalty, being an action in debt,
   is subject to set off; and in such an action to recover the
   statutory penalty for cutting trees on plaintiff's land, the de-
   fendant can set off against the claim sued on a subsisting
   judgment rendered by a justice of the peace in his favor
   against the plaintiff.

2. *Pleading and practice; evidence of adoption; objection too late
   when first made in appellate court.*—In a civil action, where
   the plaintiff's right of recovery is dependent upon his being
   the adopted son of a decedent, if he is allowed to prove his
   adoption by his own testimony without objection, the failure
   of the plaintiff to offer in evidence the proceedings nad in the
   probate court for his adoption can not be raised by objection
   for the first time in the Supreme Court on appeal.

3. *Action to recover statutory penalty; can be maintained by
   mortgagor against strangers.*—As to all others than a mortga-
   gee and his privies, a mortgagor and his privies in estate
   are regarded as the owners of the fee in the mortgaged
   premises; and, therefore, it is no defense to an action against
   a stranger to recover the statutory penalty for cutting trees,
   that the plaintiff had executed a mortgage on the lands from
   which the trees were cut, and said mortgage debt was un-
   satisfied at the time of the alleged cutting.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. GEORGE E. BREWER.

This was an action brought by the appellee, W. W.
Griffin, against the appellant, N. O. Hamilton, in which
the plaintiff sought to recover the statutory penalty for
the defendant cutting trees on certain lands alleged to
be the property of the plaintiff and described as the

northwest quarter of section 17, township 15, range 5 east, in St. Clair county, Alabama.

The defendant pleaded the general issue and a plea of set off, the substance of which is stated in the opinion. To this plea of set off, the plaintiff demurred upon the following grounds: 1st. Said plea is not responsive to the complaint, in that it seeks to set off a debt against a statutory penalty. 2d. A judgment in a justice court can not be set off against a cause of action in the circuit court. This demurrer was sustained, and the defendant duly excepted.

On the trial of the cause the plaintiff, as a witness in his own behalf, testified that he was the adopted son of Jacob W. Griffin, deceased, and introduced evidence tending to show that he inherited the lands described in the complaint from his said adopted father, and that while he was in possession of said land the defendant cut the trees from said land, as complained of. The other facts of the case are sufficiently stated in the opinion.

The court, in its general charge to the jury, instructed them, among other things, as follows: "That if they believe from the evidence that the defendant willfully and knowingly and without the consent of the plaintiff after the 18th day of February, 1896, and prior to the commencement of this suit, cut down pine trees on the north half of the northwest fourth of section 17, township 15, range 5 east, in St. Clair county, that the plaintiff was then the owner thereof, then the jury must find for the plaintiff as to that portion of the land mentioned in the complaint, and assess plaintiff's damages at ten dollars for each pine tree or sapling the evidence (shows) that defendant had so cut on said land. That if the jury further find from the evidence that the defendant willfully and knowingly and without the consent of plaintiff cut down pine trees or pine saplings on the northwest fourth of the southwest fourth of said section 17, after the 18th day of February and prior to the 9th day of March, 1896, then the jury must find for the plaintiff as to that portion of the land mentioned in the complaint, and assess plaintiff's damages at ten dollars for each pine tree the evidence showed that defendant had so cut on said portion of the said lands."

The defendant excepted to that part of the oral charge of the court as above set out, which instructed the jury that they were authorized to find for plaintiff for any trees which the evidence might show that.defendant had cut on the northwest quarter of the southwest quarter of said section 17, township 15, range 5 east.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked:    (1.) "The court charges the jury that under all the evidence in this case the plaintiff is not entitled to recover for any trees which defendant may have cut or removed from the northwest quarter of the southwest quarter of section 17, township 15, range 5, as described in the complaint." (2.) "If the jury believe all the evidence in the case they must find for the defendant as to the north half of northwest fourth of section 17, township 15, range 5 east?"

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & SMITH, for appellant.—This was an action brought by appellee to recover of appellant the statutory penalty for an alleged cutting down of certain trees on the lands of appellee by appellant, and is an action in debt, and not in tort.—*Rogers v. Brooks*, 99 Ala.   31; *Strange v. Powell*, 15 Ala. 452. The action being in debt, it was subject to set off by any subsisting demand (not sounding in damages merely) appellant may have had against appellee existing at the time of the commencement of the suit; hence the court below erred in sustaining appellee's demurrer to appellant's plea of set off. Code, 1886, § 2678; *Weaver v. Brown*, 87 Ala. 533.

Appellant's judgment in justice court being a subsisting demand upon which he could have maintained an action of debt in the circuit court, we can conceive of no reason why such judgment should not be a proper matter of set off in this action when set up by plea.—*Weaver v. Brown, supra.*

Under all the evidence as disclosed by this record, appellee was not the owner of the lands upon which he

claimed appellant had cut pine trees within the meaning of section 3296 of the Code of 1886—*Gravlee v. Williams,* 112 Ala. 539; *Allison v. Little,* 93 Ala. 150.

INZER & GREENE, *contra.*—This action was brought to recover a penalty. It is a suit brought to recover a penalty and is an action arising in tort, and not an action to which a set off can be interposed or pleaded.—*Williams v. Hendricks,* 115 Ala. 277.

The claims or demand offered or proposed to be set off to this action is not within the meaning of our statute mutual.—Code of 1896, § 3798 and authorities cited.

DOWDELL, J.—This was an action by appellee against appellant to recover the statutory penalty for the alleged cutting by the appellant of certain trees on appellee's land. Among other defenses set up by the defendant in the court below, he pleaded as a set-off to plaintiff's action a subsisting judgment in his favor against plaintiff in a justice court. To this plea a demurrer was sustained by the court, which ruling is now assigned as one of the errors in the record.

The action being for the recovery of a penalty given and fixed by the statute, is an action in debt.—Code, 1896, § 4137; *Rogers v. Brooks,* 99 Ala. 31; *Strange v. Powell,* 15 Ala. 452.

The appellant's judgment in the justice court being a subsisting demand, at the time of the suit commenced by appellee, and upon which the appellant could have maintained his action in debt in the circuit court against appellee, was clearly a mutual debt within the meaning of the statute (Code, 1896, § 3728), and proper subject matter of plea of set-off.—*Weaver v. Brown,* 87 Ala. 533.

The demurrer to the plea of set-off was not well taken, and the court erred in sustaining the same.

It was shown upon the trial by the testimony of the plaintiff, that he was an adopted son of Jacob W. Griffin. No objection was raised to this mode of proving his adoption, and the failure to offer in evidence the proceedings had in the probate court for his adoption cannot now for the first time be raised on appeal. So far as appears from the record it seems not to have been a disputed question.

By the provisions of section 367 of the Code the adopted child is "made capable of inheriting the estate of the declarant."

Jacob W. Griffin died seized and possessed of the lands upon which the alleged cutting was done. The plaintiff acquired title by inheritance, as the adopted son, and, of course, succeeded to the same right and title held by his adopted father at the time of his decease.

There was evidence offered by the defendant, to the effect that Jacob W. Griffin in his lifetime, on the 28th January, 1889, executed a mortgage to the British & American Mortgage Co. on a certain forty acre tract of the land in question, and that the debt which the mortgage was given to secure was unsatisfied at the time of the alleged cutting of timber.

It was decided by this court in the case of *Allen v. Kellam*, 69 Ala. 447, that in an action of ejectment brought by the mortgagor. against any other person than the mortgagee, it is no defense that the legal title is in the mortgagee, and the law day of the mortgage has arrived; citing *Denby v. Mellgrew*, 58 Ala. 147; *Duval's Heirs v. McCloskey*, 1 Ala. 708; *Scott v. Ware*, 65 Ala. 174; *Wilson v. Troup*, 14 Am. Dec. 458; 1 Jones Mortgages, § 11.

In *Denby v. Mellgrew, supra*, it is said: "As to all others, than the mortgagees, and their privies, the mortgagor or his privies in estate may be regarded as the owners of the fee—strangers may not set up the mortgage as an outstanding title, to bar entry, or defeat an action for the recovery of possession."

The same principle is applicable in the present action for the recovery of penalty under the statute for cutting trees upon the land of the mortgagor.

There was no error in the part of the oral charge excepted to by the defendant. Nor was there any error in the refusal to give written charge numbered 1 requested by defendant. There was evidence tending to show that defendant had cut trees on the north half of the northwest quarter of section 17, township 15, range 5, hence there was no error in refusing written charge No. 2 asked by defendant.

For the error in sustaining the demurrer to defendant's plea of set-off, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.