[Burns v. Reeves.]

# Burns *v.* Reeves.

### *Action to recover Statutory Penalty.*

1. *Action to recover statutory penalty; sufficiency of complaint.* In an action to recover the statutory penalty for the failure of the mortgagee, upon the written request of the mortgagor, to enter on the margin of the record of mortgage, the dates and amounts of the partial payments, a complaint is sufficient which avers the execution of a mortgage by the plaintiff to the defendant, the making of partial payments on said mortgage, and the defendant's failure, within thirty days after being so requested to enter the dates and amounts of such partial payments on the margin of the record of mortgage; it not being necessary for such complaint to aver the amount of the partial payments made, nor is it necessary to set out the evidential facts upon which the plaintiff relies for a recovery.

2. *Same; debt the proper action.*—Where a statute, which provides a penalty, fails to provide a remedy, an action of debt is the proper remedy for the recovery of the penalty, because the sum demanded is certain and fixed.

3. *Same; plea of set-off can be interposed.*—In an action by a mortgagor to recover the statutory penalty for failure of the mortgagee, upon the written request of the mortgagor, to enter upon the margin of the record of the mortgage payments made upon the mortgage debt, a plea of set off, which seeks to set off against the plaintiff's demand, a debt due from him to the defendant on a note or bill single can be interposed.—[McCLELLAN, C. J., and TYSON, J., *dissenting.*]

APPEAL from City Court of Gadsden.

Heard before the Hon. JOHN H. DISQUE.

This action was brought by the appellee Jake Reeves, against the appellant, Aquilla Burns, to recover the statutory penalty of $200 for the defendant's failure within thirty days after having been requested in writing to enter on the margin of the record of mortgage, the dates and amounts of partial payments made on a certain existing mortgage executed by plaintiff to defendant. The complaint, as amended, was in words and figures as follows:

"The plaintiff claims of the defendant two hundred dollars due from said defendant to said plaintiff by reason of a failure on the part of defendant, within 30 days after being requested in writing on the .. day of February, 1899, by said plaintiff to said defendant, to enter on the margin of the record of the mortgage, hereinafter named, the dates and amounts of the partial payments made on a certain mortgage, executed by said plaintiff to said defendant, on the 4th day of February, 1896, for the sum of two hundred and thirteen and 25-100 dollars, and due on the 1st day of November, after the date thereof (except $3.40 and $31.02 entered by said defendant February 23, 1899), and recorded in book 43, pages 454 and 455, of mortgages in the office of the judge of probate of Etowah county, Alabama, conveying to said defendant the following described property, to-wit: The N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ Sec. 16, T. 10, R. 6 East; $\frac{1}{2}$ N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, running from the northwest corner to the southeast corner; also a part of the N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ Sec. 16, T. 10, R. 6, lying and being in Etowah county, Ala., also the half of the entire corn crop of James Campbell, and the half of the entire cotton crop on said described land, also one mouse-colored mule of said plaintiff, to secure the payment of said mortgage of said defendant, he being then and there the mortgagee in said mortgage. The said plaintiff avers that said defendant received other partial payments in said mortgage other than the two partial payments mentioned in the above complaint, which he failed, after said demand in writing, to enter upon the margin of the record of said mortgages in paying off, satisfying and discharging the debt secured by said mortgage. Hence this suit."

To this complaint, the defendant demurred, stating several grounds of objection, all of which may be summarized as follows: The complaint was too vague and indefinite; it does not show what partial payments plaintiff made on the mortgage which the defendant failed to enter on the record of said mortgage. The complaint states the receipt of such payments without expressly charging their

receipt. It does not allege that the notice was given after the partial payments were made. This demurrer was overruled and the defendant duly excepted. Thereupon the defendant pleaded the general issue, and also the following special plea of set-off:

"The defendant as a defense to plaintiff's action says that at the time said action was begun, plaintiff was indebted to him in the sum of two hundred and thirteen and 20-100 dollars by bond or bill single dated Feb. 4, 1896, for $213.20, less two credits endorsed on said note or bond or bill single payable to defendant and due Nov. 1st, 1896, with interest, and twenty dollars, attorney's fees agreed to be paid in said note, which he hereby offers to set off against plaintiff's demand, and he claims judgment for the excess."

To this plea the plaintiff demurred on the following grounds:

"1. That said plea is no answer to the complaint.

"2. That said cause of action alleged in said complaint is for the recovery of a statutory penalty for a failure to enter upon the margin of the said mortgage partial payments—other than the two as set forth in said complaint—and that no set-off can be pleaded as set out in said plea."

The plaintiff's demurrer to the plea of set-off was sustained. The defendant appeals and assigns as error the overruling of his demurrer to the complaint, and the sustaining of the plaintiff's demurrer to the plea of set off.

DORTCH & MARTIN, for appellant.

N. G. CANNING and W. H. STANDIFER, contra, cited Gay, Hardie & Co. v. Rogers, 109 Ala. 624; Meredith v. Holmes, 68 Ala. 190; Williams v. Bowden, 69 Ala. 433; Ragland v. Wood, 71 Ala. 148.

TYSON, J.—We do not understand that a complaint should set out the evidential facts upon which a plaintiff relies for recovery. All that is required is that its averments shall be sufficiently intelligible as to

matters put in issue, so that a material issue can be taken upon them.—Code, § 3285.    The court properly overruled the demurrer to the complaint as amended.

The statute not prescribing the remedy to be pursued for the recovery of the penalty sued for, the common law principle applies, that when a statute gives a penalty and provides no remedy for its recovery, an action of debt is the appropriate remedy, because the sum demanded is certain and fixed.—Code, § 1065; *Blackburn v. Baker*, 7 Port. 284; *Russell v. Irby*, 13 Ala. 131; 1 Brick. Dig. 526, § 19.

This action, though in form, an action of debt, is in fact on a tort—a failure on request in writing of the mortgagor to enter on the margin of the record of the mortgage the date and amount of partial payment. *Chaffee & Co. v. U. S.*, 18 Wall. 516.    In *McCoun v. N. Y. C. & H. R. R. Co.* 50 N. Y. 176, this language is used: "The statute liability wants all the elements of a contract; consideration and mutuality as well as the assent of the party."    This principle was distinctly recognized by this court in the case of *Higdon v. Kennemer*, 120 Ala. 193.

It is believed that no case can be found in Alabama which holds that a set-off can be pleaded to a tort action, except the case of *Hamilton v. Griffin*, 123 Ala. 600. The plaintiff's action here being in fact for a tort, the defendant's plea of set-off was not available as a defense.—*Russell v. Russell*, 62 Ala. 48; *Whitworth v. Thomas*, 83 Ala. 308; *Lowery v. Rowland*, 104 Ala. 420; *Marlowe v. Rogers*, 102 Ala. 510, and authorities therein cited; *Walker v. McCoy*, 34 Ala. 659; *Morehouse v. Nat. Bank*, 30 Hun. 628; *Nat. Bank v. Karmany*, 98 Penn. St. 65; Waterman on Set-Off, 159, 165, 169.    The case of *Rosser et al. v. Bunn & Timberlake*, 66 Ala. 89, is relied upon by appellant to support his plea of set-off.    That was an action on an injunction bond to which pleas of set-off were interposed.    These pleas set-off an indebtedness to one of the defendants by the plaintiffs for willfully and knowingly entering upon the lands and without the consent of the said defendant cutting down and carrying away certain trees therein named,

the penalty for which was prescribed by the statute. The only ground of demurrer interposed to them was that the claim proposed to be set-off against plaintiffs' demand sounds in damages merely. The opinion treats only of the question raised by the demurrer, holding that they were not subject to it. Doubtless if a demurrer had been interposed that the subject matter of the pleas was not proper matters of set-off, the court would have held them bad. An examination of the opinion in connection with the subject matter under review discloses that the court did not hold that the subject matter of the pleas was a proper matter of set-off. The cases of *Holley v. Younge,* 27 Ala. 203; *Gibson v. Marquis and Wife,* 29 Ala. 668; *Wood & Kimbrough v. Fowler,* 37 Ala. 55; *Nelms v. Prewitt,* 37 Ala. 389; *Lang v. Waters' Admr.* 47 Ala. 624; *Eads v. Murphy et al.* 52 Ala. 520; *Sledge v. Swift, Murphy & Co.,* 53 Ala. 110, are not opposed to our views. In all of them, except *Lang v. Waters* and *Sledge v. Swift, Murphy & Co.,* the pleas involved matters of recoupment. In *Eads v. Murphy, supra,* BRICKELL, C. J., after reviewing all the cases, says this: "The rule deducible from these authorities is, that whenever the vendee can maintain a cross-action at law, because of matters arising out of the contract of purchase, or because of the vendor's breach of the obligations of the contract, and the damages recoverable are fixed by a legal standard, such damages may be insisted on, as a set-off to an action for the purchase money." Waterman, p. 564, on this point says: "Although recoupment is only available where both demands spring from one transaction, yet opposing claims, in order to be adjusted in this way in one action, need not be of the same character. Therefore, a claim originating in contract may be set up against one founded in tort, if the claims arise out of the same subject matter, and are susceptible of judgment in the same action." The case of *Lang v. Waters* simply involves the sufficiency of the plea of set-off as to form and substance. In the case of *Sledge v. Swift, Murphy & Co., supra,* the pleas simply set up a breach of the contract out of which plaintiff's cause of action

arose, and involved matters of recoupment. It would be an anomaly in jurisprudence to hold that set-off may be maintained against the recovery of a penalty, thereby defeating the very policy of the statute imposing the penalty—punishment for a wrong done. The case of *Hamilton v. Griffin* on this point is overruled. The court committed no error in sustaining the demurrer to the defendant's plea of set-off.

Affirmed.

McCLELLAN, C. J., concurs in the foregoing opinion.

DOWDELL, J.—As to the plea of set-off, I cannot agree to the conclusion reached by the majority of the court. It seems to me from the opinion in the case, that they have fallen into error, in supposing that a demand or claim arising out of a tort may not be subject to set-off.

A set-off which is in the nature of a cross-action, was unknown to the common law. It is the creation of the statute, and is regulated and governed by the statute. Our statute on the subject of set-off (Code of 1896, § 3728) reads as follows: "Mutual debts, liquidated or unliquidated demands not sounding in damages merely, subsisting between the parties at the commencement of the suit, may be set off, one against the other by the defendant or his personal representative, whether the legal title be in the defendant or not; and such set-off, if found for the defendant, extinguishes, either in whole or in part, as the case may be, the plaintiff's demand; but the wages or hire of any head of a family in this State, not having property liable to levy and sale under execution, cannot be defeated or abated by any set-off of a money demand acquired by the person contracting to pay such wages by assignment or transfer, unless the parties otherwise agree in writing." This statute received a construction by this court as to the meaning of the language "mutual debts, liquidated or unliquidated demands not sounding in damages merely," in the case of *Rosser v. Bunn & Timberlake*, 66 Ala. 89, where it

was said: "It will be observed that demands may be set off, one against the other, to the same extent that debts may be, with the single exception, that such demand, if it sound in damages merely, cannot be the subject of a set-off. *Demand* in this section, must mean more than the word *debt*. Otherwise, its employment was mere tautology, as the word *debt* had been employed, and would have covered the entire ground. '*Demand* is a claim; a legal obligation; a word of art of an extent greater in its significance than any word except claim.' Bouv. Dic. 'A thing or amount claimed to be due.' Web. Dic. It is broad enough in its signification to take in all claims, demandable or solvable in money."

I do not think the language of the statute can be construed to mean that only *debts* can be set off against *debts*, and liquidated or unliquidated *demands* not sounding in damages merely, against like *demands*. Certainly it has never received such a construction by this court, in any case that I have been able to find. But on the contrary, there are a number of cases, where a liquidated or unliquidated demand, not sounding in damages merely, without reference to whether arising from a tort or contract, has been held good as a set-off against the plaintiff's claim, where his, the plaintiff's, action was in contract.—*Holley v. Younge*, 27 Ala. 203; *Gibson v. Marquis and Wife*, 29 Ala. 668; *Wood & Kimbrough v. Fowler*, 37 Ala. 55; *Nelms v. Prewitt*, 37 Ala. 389; *Lang v. Waters' Admr.*, 47 Ala. 624; *Eads v. Murphy et al.*, 52 Ala. 520; *Sledge v. Swift, Murphy & Co.*, 53 Ala. 110; *Rosser v. Bunn & Timberlake, supra*.

Under the language of the statute, that such debts or demands as are therein designated, "may bet set off one against the other by the defendant or his personal representative, whether the legal title be in the defendant or not," it is immaterial whether the plaintiff's action be for a debt, and the defendant's plea of set-off sets up a liquidated or unliquidated demand not sounding in damages merely, or that the plaintiff's action be for a liquidated or unliquidated demand not sounding in damages merely, and the defendant's plea sets up a debt claimed against the plaintiff. If the set-off plead-

ed be good in the former, then by force of the language employed in the statute it must be good in the latter. In the case of *Morehouse v. Second National Bank*, 30 Hun. (N. Y.), 628, cited in the opinion of Justice Tyson, it is said by Dwight, J., rendering the opinion: "I am not aware that the other question, namely, of off-set, has been directly passed upon in an action for the penalties when the attempt has been to offset the amount due on the notes, but it clearly must be decided adversely to the defense. In the case of the *National Bank of Auburn v. Lewis*, 81 N. Y. 15, it was held following *Barnett v. National Bank*, 98 U. S. 555, that a cause of action for the penalties in question could not be offset, in an action for the amount due on the notes; *and it would seem, on principle, that the rule must work both ways.*" The italics are mine. If what I have italicized in the foregoing quotation be a sound proposition, then it is equally a sound principle, that if the offset be good in the one instance, it would be also good in the other. I will have occasion to refer to the decision in the above cited case, as to set-off, further on in this opinion. In the case of *Rosser v. Bunn & Timberlake*, 66 Ala. 89, the suit was on an injunction bond, and the second plea of set-off was based upon a demand by the defendant against the plaintiffs for a penalty given by the statute for knowingly and willfully cutting trees on the defend-ant's lands. This court held the plea good. This decision without reference to the statute would seem to be in conflict with what was said in *Morehouse v. Bank, supra*, to have been held "in *National Bank of Auburn v. Lewis*, 81 N. Y. 15, following *Barnett v. National Bank*, 98 U. S. 555," but our statute is different from the statutes underlying the decisions in the above cited cases. The New York statute of set-off, as termed in that State, "counter claim," of force at the date of the New York cases cited above, reads as follows: "Counter-claim de-fined." "The counter claim specified in the last section, must tend in some way, to diminish or defeat the plain-tiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of

the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action.

"1.  A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2.  In an action on contract, any other cause of action on contract, existing at the commencement of the action."—§ 501 Revised Stat. of New York, Vol. IV.

The difference between the New York statute and ours is obvious, and therefore the decisions of the courts of that State based on a statute so dissimilar to ours cannot be regarded as of much weight as authority in determining what shall constitute a good set-off under our statute.  In *Barnett v. Bank*, 98 U. S. 555, cited in *Morehouse v. Bank*, the decision is based upon the construction of an act of Congress—The National Currency Act of Congress of June 3rd, 1864 (13 Stat. 99, § 30)—which gives a penalty for taking a greater rate of interest than that allowed by the act, and also prescribes the remedy.  The decision against the set-off or counterclaim, in that case, is rested upon the proposition, as stated in the opinion on page 558, that, "where a statute creates a new right or offense, and provides a specific remedy or punishment, they alone apply.  Such provisions are exclusive."  The statute in question, in that case, provided for the recovery of the penalty by an action in debt.  The case of *Nat. Bank v. Karmany*, 98 Penn. St. 65, is, also, based upon a statute different from our statute.  The Pennsylvania statute of set-off, which is termed in that State the Defalcation Act, is found in 1 Brightly's Purdon's Digest, p. 603.  It is unnecessary to encumber this opinion by here setting out this act in full.  Enough of this statute is quoted in the opinion in the above cited case, on page 76, to show that that case is not an authority for the case at bar, where it is said by the court: "In answer to the defendant's seventh point the court charged that there can be no set-off in this action.  The plaintiff's claim is not within the Defalcation Act, which applies, where

the parties are 'indebted to each other upon bonds, bills, bargains, promises, accounts, or the like.'" There, the matters of set-off are confined by the statute to "bonds, bills, bargains, promises, accounts, or the like," which is not the case with us; our statute being much broader, embracing *demands* liquidated or unliquidated, the only exception being, as stated in *Rosser v. Bunn & Timberlake, supra,* where the demand sounds in damages merely. In the four Alabama cases cited in support of the majority opinion, namely, *Russell v. Russell,* 62 Ala.; *Whitworth v. Thomas,* 83 Ala.; *Lowery v. Rowland,* 104 Ala., and *Marlowe v. Rogers,* 102 Ala., it will be found that in those cases the plaintiff's cause was either in detinue, trover or case. The present action is in debt, and the demand sued for, although arising out of a tort, is fixed and definite, made so by the statute. That it is liquidated, and not sounding in damages merely, cannot be denied. It has every element prescribed by the statute, to constitute it a proper subject of set-off. It, therefore, seems to me, to hold that it is not, because it springs out of a tort, would be to engraft an exception upon the plain provision of the law, that does not otherwise exist.

The claim here sought to be set-off against the plaintiff's demand sued on, is a debt due from the plaintiff to the defendant, as described in the plea, "on a note, bond or bill single." If the parties to this suit with their respective demands, be placed in an inverse order in the pleadings, the case would then be on all fours with the case of *Rosser v. Bunn & Timberlake, supra.* As was said in *Morehouse v. Bank, supra,* "it would seem, on principle, that the rule must work both ways." I think the decision in *Hamilton v. Griffin,* 123 Ala. 600, in principle, the same as *Rosser v. Bunn,* and should be adhered to and not overruled.

The foregoing opinion was prepared expressive of the views of the writer and of Justice SHARPE, in dissent from the opinion of the other members of the court. It has since been concurred in by Justice HARALSON, and stands as the opinion of the court.

The judgment of the court is reversed and the cause remanded.