# Kelly *v.* Johnson.

*Action to recover Statutory Penalty for failure to enter Partial Payments on Margin of Record of Mortgage.*

1. *Action to recover statutory penalty for failure to enter payment on margin of record of mortgage; set-off can be pleaded.*—An action to recover the statutory penalty for failure to enter upon the margin of the record of a mortgage, partial payments thereon, after having been requested thereto in writing, being an action in debt, is subject to set off, and it is, therefore, error for the court to strike from the files a proper plea of set-off interposed in such case.

2. *Same; irrelevant testimony.*—In an action to recover the statutory penalty for failure to enter upon the margin of the record of a mortgage partial payments made upon said mortgage debt, after being requested to do so in writing, evidence that after being served with the notice, the defendant requested the probate judge to mark satisfied on the margin of the record of all mortgages made by the plaintiff to the defendant, is irrelevant to any issue involved in the case, and is properly excluded.

[Kelly v. Johnson.]

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellee, I. D. Johnson, against the appellant, R. A. Kelly.

The complaint as originally filed contained two counts. The first count claimed the statutory penalty for failure to mark satisfied the mortgage given by plaintiff to defendant, upon the margin of the record thereof after being requested in writing so to do; and second count claims the penalty for failure to enter upon the record partial payment on a mortgage, given by plaintiff to defendant. Upon a motion by the plaintiff the first count was stricken from the file. The defendant interposed three pleas. The first and second were the general issue. By the third plea the defendant sought to set off against the demand of the plaintiff an indebtedness alleged to be due from the plaintiff, evidenced by a promissory note. The plaintiff moved the court to strike the third plea from the file upon the ground that the demand sued upon is not such a debt or demand as against which a set off can be pleaded. Upon this motion being granted the third plea was stricken, and to this ruling the defendant duly excepted.

It was shown by the evidence that the plaintiff had given to the defendant several mortgages at different times from 1890 to 1896, and that each of these mortgages had been recorded in the probate office of the county, and that the last mortgage given by the plaintiff to the defendant was on the 8th day of December, 1896. It was also shown that the plaintiff had served upon the defendant a written demand requesting him to mark satisfied upon the record thereof the mortgage which had been executed to him by the plaintiff, and that he also served upon him a written demand asking him to mark upon the record of the mortgage given to him, partial payments which had been made thereon by the plaintiff; that these notices were served on the defendant in January, 1898; that the plaintiff had made partial payments on the mortgage executed by the defendant on December 8, 1896, and that no entry of such partial payments was made upon the margin of said

[Kelly. v. Johnson.]

record within thirty days after service of the notice upon the defendant.

The defendant offered in evidence a showing which was made by him before he entered upon the trial, of what E. M. Rushing, who was judge of probate of Coffee county, would testify if present. This showing recited that the said Rushing would testify that the defendant brought to him the notice from the plaintiff and requested him to go through the records of mortgages and mark satisfied all of the mortgages which had been paid by the plaintiff, and that the witness complied with this request. The plaintiff objected to the introduction in evidence of this showing on the ground that it was irrelevant to any issue involved in the case and was inadmissible. The court sustained this objection, refused to allow the showing to be introduced in evidence, and to this ruling the defendant duly excepted.

At the request of the plaintiff, the court gave the general affirmative charge for the plaintiff, to the giving of which charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

P. N. HICKMAN, for appellant.—An action to recover a statutory penalty is an action of debt, and a plea of set off, when properly pleaded, is a good defense.—*Hamilton v. Griffin*, 123 Ala. 600, and authorities there cited.

TERRY RICHARDSON and E. R. BRANNEN, *contra.*—The plea of set off was properly stricken on motion of the defendant.—Code of 1896, §§ 1065, 3728; *Marlowe v. Rogers*, 102 Ala. 510; *Whitworth v. Thomas*, 83 Ala. 308; *Russell v. Russell*, 62 Ala. 48.

The showing of the witness Rushing was irrelevant to any issue involved in the trial of the case, and was, therefore, inadmissible.—Code of 1896, § 1065; *Renfro v. Adams*, 62 Ala. 302; *Walker v. English*, 106 Ala. 369.

SHARPE, J.—Under the authority of *Hamilton v. Griffin*, 126 Ala. 600; and *Burns v. Reeves*, 127 Ala. 127, it must be held that the cause of action declared on in the complaint was within the class of demands which by section 3728 of the Code is made subject to the defense of set-off. The striking out of the 3d plea was, therefore, error.

The statement offered as testimony of Rushing relates to acknowledging satisfaction of mortgages which had been paid and not to the failure to enter credits of partial payments on the unpaid mortgage of 1896 described in the second count, which after the amendment of the complaint contained the whole cause of suit. For that reason, if for no other, the statement was immaterial and was properly excluded.

For •the error referred to the judgment will be reversed and the cause remanded.

Reversed and remanded.